IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2008

**JESSIE HODGES v. RICKY J. BELL, WARDEN**

**Appeal from the Chancery Court for Davidson County**
**No. 07-135-II   Carol L. McCoy, Judge**

───────────

**No. M2007-01623-CCA-R3-HC - Filed December 2, 2008**

───────────

Petitioner, Jessie Hodges, was convicted of robbery and sentenced as a persistent offender to twelve years in incarceration. His conviction was affirmed on direct appeal. *State v. Jessie Nelson Hodges*, No. W2001-00871-CCA-R3-CD, 2002 WL 927603, at *9 (Tenn. Crim. App., at Jackson, May 3, 2002), *perm. app. denied* (Tenn. Nov. 4, 2002). Petitioner unsuccessfully sought post-conviction relief. *Jessie Hodges v. State*, No. W2005-01852-CCA-R3-PC, 2006 WL 211829, at *2 (Tenn. Crim. App., at Jackson, Jan. 25, 2006), *perm. app. denied* (Tenn. May 30, 2006). Subsequently, Petitioner sought habeas corpus relief in the Davidson County Chancery Court. The habeas corpus court dismissed the petition. Petitioner appeals. We determine that the habeas corpus court properly found that it lacked subject matter jurisdiction. Therefore, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Jessie Hodges, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Victor S. Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 1, 2000, Petitioner was convicted by a Lauderdale County Jury of robbery. He was sentenced as a persistent offender to twelve years in incarceration. On direct appeal, Petitioner challenged several aspects of his conviction, specifically the sufficiency of the evidence; whether the evidence introduced at trial was illegally obtained in contravention of his

Fourth Amendment rights; whether Petitioner was deprived of an "independent analysis of the evidence"; and whether the trial court improperly instructed the jury. *Jessie Nelson Hodges*, 2002 WL 927603, at *1. The facts, as summarized by this Court on direct appeal, revealed that Petitioner robbed the H & A Quick Stop in Halls, Tennessee. *Id.* at *1-6. The cashier at the market identified Petitioner as the robber in a photographic lineup. *Id.* at *3. There was also a video surveillance tape of the crime which was shown to the jury. *Id.* This Court affirmed Petitioner's conviction on appeal. *Id.* at *9.

Subsequently, Petitioner sought post-conviction relief. *Jessie Hodges*, 2006 WL 211829, at *2. Apparently, Petitioner filed one petition for post-conviction relief which was dismissed. Petitioner did not appeal from the denial of the first petition for post-conviction relief. *Id.* Almost two years later, Petitioner filed a second petition for post-conviction relief, asserting that he was denied an effective appeal of his first petition for post-conviction relief due to counsel's failure to file a notice of appeal. The post-conviction court denied relief on the basis that Petitioner had refused the assistance of counsel and Petitioner failed to seek a timely appeal of the first petition for post-conviction relief. *Id.* at *1. This Court affirmed the dismissal of the petition for post-conviction relief as untimely. *Id.* at *2.

In January of 2007, Petitioner filed the petition for habeas corpus relief which is the subject of the appeal herein. At the time, Petitioner was incarcerated in the Riverbend Maximum Security Prison in Nashville. He filed the petition for writ of habeas corpus in the Chancery Court for Davidson County. In the petition, he argued that: (1) the trial court did not give jury instructions as required by Tennessee Rule of Criminal Procedure 30(c); (2) the trial court did not give jury instructions as required by Tennessee Rule of Criminal Procedure 30(d)(1) and (2); (3) the trial court did not charge the jury with lesser included offenses required by Tennessee Code Annotated section 40-18-110(a); and (4) the trial court did not give any jury instructions. Petitioner contended that these alleged insufficiencies of the trial court resulted in a void judgment.

The habeas corpus court determined that the issues presented by Petitioner "should properly have been addressed at the criminal trial court level" or on direct appeal. Furthermore, the trial court determined that Petitioner filed the petition in the "wrong court." As a result, the habeas corpus court dismissed the petition.

Petitioner filed a timely notice of appeal. He seeks review of the dismissal of his petition for habeas corpus relief.

*Analysis*

On appeal, Petitioner contends that his judgment of conviction for robbery is void because the trial court did not give any instructions to the jury. The State disagrees, arguing that the habeas corpus court properly dismissed the petition because it did not have proper subject matter jurisdiction. In the alternative, the State argues that Petitioner has failed to illustrate that his judgment is void.

-2-

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W .2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n .2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Additionally, "the application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A. § 29-21-105; *see also Davis v. State*, 261 S.W.3d 16, 20, (Tenn. Crim. App., at Nashville, Jan. 31, 2008), *perm. app. denied* (Tenn. June 30, 2008). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Tennessee Code Annotated section 29-21-101 states: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. The writ of habeas corpus "may be granted by any judge of the circuit or criminal courts, or by any chancellor in cases of *equitable cognizance*." T.C.A. § 29-21-103 (emphasis added).

In the context of its discussion of the concurrent jurisdiction of the circuit and chancery courts, the treatise Gibson's Suits in Chancery addresses this limitation on the authority of the chancery court: "Chancery Court has no jurisdiction of criminal matters, and a Chancellor may not grant the writ to enquire into the restraint of prisoners or the validity of a criminal conviction. The limiting words 'in cases of equitable cognizance' refer to restraints not criminally imposed or sanctioned." Gibson's Suits in Chancery, § 1.08, fn.43 (8th ed. 2004). Thus, the chancery courts have jurisdiction over equitable matters but lack jurisdiction over criminal matters. *See id.*

*Robert Roysden v. Glen Turner, Warden*, No. W2007-01144-COA-R3-CV, 2007 WL 4404102, at *2 (Tenn. Ct. App., at Jackson, Dec. 18, 2007); *see also Anthony Dean v. Glen Turner, Warden*, No. W2007-00744-COA-R3-CV, 2007 WL 4404112, at *2 (Tenn. Ct. App., at Jackson, Dec. 18, 2007).

In this case, Petitioner filed a petition for a writ of habeas corpus in the Chancery Court of Davidson County, Tennessee. Clearly, he asked the habeas corpus court to inquire and consider

the validity of a criminal conviction, a matter outside the jurisdiction of the Chancery Court of Davidson County. Therefore, we affirm the dismissal of the petition for habeas corpus relief.

*Conclusion*

For the foregoing reasons, the judgment of the chancery court is affirmed.


_____
JERRY L. SMITH, JUDGE