IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2010

**CORY MYERS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Gibson County**
**No. 8393     Donald Harris, Judge**

**No. W2009-00814-CCA-R3-HC  - Filed March 24, 2010**

The Petitioner, Cory Myers,[1] appeals pro se from the Circuit Court for Gibson County's dismissal of his petition for writ of habeas corpus. The judgment form in this case shows that Myers originally pled guilty to first degree murder for which he received a life sentence. However, in this appeal, Myers argues that the trial court lacked jurisdiction to sentence him because another form, entitled "Plea of Guilty and Waivers of Jury Trial and Appeal" (hereinafter "plea agreement form"), shows that he pled guilty to the offense of "felony homicide." Based on the plea agreement form, Myers claims his conviction is void because "felony homicide" does not exist under Tennessee law. Upon review, we affirm the judgment dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined. J. C. MCLIN, J., not participating.

Cory Myers, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel W. Harmon, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jason C. Scott, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

---

[1]The record contains inconsistent spellings of the petitioner's first name. The judgment form and the opinion from the petitioner's post-conviction appeal refer to the petitioner as Cory Myers. Other documents in the technical record refer to the petitioner as Corey Myers. This opinion will refer to the petitioner as Cory Myers.

**Background**.   The petitioner "confessed to killing a former mayor of Trenton, Tennessee during perpetration of a burglary." See Cory Myers v. State, No. 02C01-9810-CC-00309, 1999 WL 596459, at *1 (Tenn. Crim. App., at Jackson, Aug. 9, 1999) app. for perm. to appeal denied (Tenn. Jan. 24, 2000).  He was later indicted for first degree felony murder, especially aggravated burglary, and attempted especially aggravated robbery.[2]  On October 10, 1997, the petitioner pled guilty to first degree felony murder, and the trial court sentenced him to life.   He later unsuccessfully filed for post-conviction relief in which he claimed that "the trial court erred by denying post-conviction relief because (1) he suffered the ineffective assistance of counsel prior to and during the guilty plea hearing, and (2) his guilty plea was not knowing and voluntary due to such ineffective assistance."  Id. In affirming the denial of post-conviction relief, this court concluded that the petitioner's guilty plea was "knowing and intelligent."  This court relied, in part, on the following testimony from the guilty plea hearing:

>THE COURT: Do you fully understand what you're doing?
>
>MR. MYERS: Yes, sir.
>
>THE COURT: Have you discussed the matter fully and thoroughly with your attorney, Mr. Crider, of the Public Defender's Office?
>
>MR. MYERS: Yes, sir.
>
>THE COURT: Do you understand the nature of these charges and have you discussed with him fully any possible defenses that might be raised on your behalf?
>
>MR. MYERS: Yes, sir.
>
>THE COURT: . . . Do you understand that you've been charged with first degree murder and what is known as felony murder; that is, the commission of a homicide during the commission of a felony?
>
>MR. MYERS: Yes, sir.
>
>THE COURT: Do you understand that the range of punishment for first degree murder in the State of Tennessee could be death by electrocution?

---

[2] The record does not include a copy of the indictment or the transcript from the guilty plea hearing.

MR. MYERS: Yes, sir.

Id. at 5.

The petitioner subsequently filed a pro se petition for writ of habeas corpus in Gibson County. The petition stated that the petitioner was incarcerated in Hickman County and raised two claims regarding an error in the plea agreement form. He argued that the trial court lacked jurisdiction to sentence him, and that his guilty plea was not voluntary. In response, the State filed a motion to dismiss the habeas corpus petition and claimed that the petitioner did not comply with Tennessee Code Annotated section 29-21-107(c). Specifically, the State asserted that the petitioner "failed to make an affirmation that the claim of illegality of the restraint has not previously been brought and that the application is a first application for the writ, or if not, that a copy of any previous petition and proceedings is presented." Second, the State claimed the petitioner did not comply with section 29-21-105 because he did not file his petition with the most convenient court in terms of distance, or provide a sufficient reason for applying in Gibson County. Lastly, in addressing the merits of the petitioner's claim, the State argued "the fact that his plea agreement form referred to the offense as felony homicide does not result in a void judgment."

The motion to dismiss was granted on April 21, 2009. The order indicates that the case "was heard on April 9, 2009."[3] The record does not include a transcript from the hearing. The order found, without additional comment, that "the Defendant's Petition does not state any claims upon which relief can be granted and the same should be and is hereby dismissed." Apparently, the petitioner prematurely filed his notice of appeal on April 9, the date of the hearing. The notice of appeal will be treated as filed after entry of the order dismissing the habeas corpus petition. See T.R.A.P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

**ANALYSIS**

The petitioner argues the trial court erred in dismissing his habeas corpus petition because his original judgment was void. He claims that a plea agreement form shows that he pled guilty to the non-existent offense of felony homicide, and therefore the trial court lacked jurisdiction to sentence him. The State provides several reasons why the petition was properly dismissed. It argues that "the petitioner failed to follow the procedural requirements of [Tennessee Code Annotated] § 29-21-107(c), failed to file his petition in the proper forum,

---

[3]There is some confusion as to whether there was a hearing in this case. The State contends the matter was summarily dismissed.

and failed to show that his judgment is void or his sentence has expired[.]" Upon review, we conclude that the petitioner did not prove that his judgment was void, and therefore the petition was properly dismissed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

**Procedural Requirements**.  The State asserts that the petitioner did not comply with two procedural requirements for habeas corpus petitions.  First, the State argues the petitioner violated Tennessee Code Annotated section 29-21-107(c).  Presumably, the State was referring to sections 29-21-107(b)(3) and (4), which state:

> (b) The petition shall state:
>
>> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>>
>> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Our review of the petition reveals that the petitioner did comply with sections (b)(3) and (4).  The petition asserted that it was his first application for writ of habeas corpus, and that the legality of his restraint had not been previously adjudged.

Next, the State argues the petitioner violated section 29-21-105 because he did not file his petition with the most convenient court in terms of distance, or provide a sufficient reason for applying in Gibson County.  Section 29-21-105 states:

> The application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge.

According to the petition, the petitioner is incarcerated at the Turney Center Industrial Prison in Hickman County.  The petition was filed with the convicting court in Gibson County.  The petition provided the following reason for filing with the convicting court:

> The Petitioner contends that the Crim. Court of Gibson County, TN is most convenient to this petition, and trial judge is the judge that sentenced the Petitioner and due to the illegal sentence imposed, the trial judge may correct an illegal sentence, as opposed to a merely erroneous sentence at any time even if it has become final.  See State v. Burkhart.
> . . . .
> This court has the convenience of having the records present providing a sufficient reason for this court to exercise its jurisdiction despite the terms of

-5-

TCA 29-21-105, which states that the habeas corpus application should be made to the court or judge most convenient in point of distance to applicant. See Davis v. State.

In Davis v. State, this court examined when, under section 29-21-105, a petition for writ of habeas corpus can be filed with the convicting court, rather than the most convenient court in terms of distance. 261 S.W.3d 16, 21-22 (Tenn. Crim. App. 2008). The Davis court resolved a conflict within the unpublished decisions of this court and held:

> [W]hen a habeas corpus petitioner asserts that his sentence is illegal, the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance. See Jones, 2000 WL 1520012, at *2; see also Burkhart, 566 S.W.2d at 873.

Id.

In consideration of Davis, the petitioner provided a sufficient reason for filing in Gibson County. The judgment form shows that the petitioner was convicted in Gibson County. Additionally, Gibson County possesses the relevant records and has the potential authority to correct the petitioner's sentence at any time. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) ("As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final."). The petitioner included these reasons in his petition, and therefore he complied with section 29-21-105.

**Plea Agreement Form**. In substance, the petitioner claims the plea agreement form constitutes a guilty plea to a non-existent offense; therefore, the trial court lacked jurisdiction to sentence him. The judgment form in this case has handwritten in the offense and Tennessee Code Annotated sections of the form, "murder in the first degree" and "39-13-202 (a)(2)", respectively. The "Offense[s] Pleading To" section of the plea agreement form states "felony homicide" and the "Punishment" section states "life with parole eligibility." Tennessee Code Annotated section 39-13-202 is commonly referred to as the "felony murder" statute, and defines first degree murder as follows:

> (a) First degree murder is:
>
> (1) . . .

-6-

(2) A killing of another committed in the perpetration of or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping, aggravated child abuse, aggravated child neglect or aircraft piracy[.]

T.C.A. § 39-13-202(a)(2).

Based on the above authority, such an offense does exist in Tennessee as contemplated by the plea agreement. Moreover, simply because the plea agreement form states "felony homicide" instead of "felony murder" does not render the petitioner's conviction void. See e.g. Manny T. Anderson v. State, No. M2004-02116-CCA-R3-HC, 2006 WL 739885, at *5 (Tenn. Crim. App., at Nashville, March 23, 2006) ("A plea agreement which is breached or later dishonored presents a voidable, as opposed to a void judgment."). Finally, during the petitioner's guilty plea colloquy, the petitioner stated that he understood the nature of the charges and that he had been "charged with first degree murder and what is known as felony murder; that is, the commission of a homicide during the commission of a felony[]." Upon review, this court determined that the petitioner voluntarily, knowingly, and intelligently entered his guilty plea. We therefore conclude that the petitioner has failed to demonstrate by a preponderance of the evidence that his judgment is void or that his confinement is illegal. Wyatt, 24 S.W.3d at 322. Accordingly, based on the record presented before us, the petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Upon review of the record and applicable law, we conclude that the petitioner is not entitled to habeas corpus relief, and affirm the judgment of the Circuit Court for Gibson County.

_____
CAMILLE R. McMULLEN, JUDGE