IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 21, 2014

GROVER D. COWART  v. STATE OF TENNESSEE

Appeal from the Criminal Court for Knox County
Nos. 49900 & 50934       Mary Beth Leibowitz, Judge

No. E2014-00700-CCA-R3-CD - Filed January 5, 2015

The Petitioner, Grover D. Cowart, appeals the habeas corpus court's summary dismissal of his petition for writ of habeas corpus, or, in the alternative, motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  On appeal, the Petitioner contends that (1) the judgments of conviction in Case No. 50934 are void; (2) the judgment of conviction in Count 1 of Case No. 50934 is too "indefinite and ambiguous" to run consecutively to his conviction in Case No. 49900; (3) the judgments of conviction in Counts 2 and 3 in Case No. 50934 are too "indefinite, uncertain, and ambiguous" to run consecutively to Count 4 in Case No. 49900; and (4) the sentences in Case No. 50934 are expired.  Discerning no error, we affirm the summary dismissal of the Petitioner's petition.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Grover D. Cowart, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Senior Counsel for the appellee, State of Tennessee.

OPINION

PROCEDURAL BACKGROUND

The Petitioner was indicted in Case No. 49900 on October 2, 1992.  He was eventually convicted by a jury on Counts 4 and 5 of the indictment, which were especially aggravated robbery and attempted first degree murder, respectively.  On April 24, 1995, the trial court sentenced the Petitioner to twenty-five years on Count 4 and twenty years on

Count 5. The twenty-year sentence imposed in Count 5 was ordered to run consecutively to the twenty-five-year sentence imposed in Count 4, resulting in a total effective sentence of forty-five years.

On August 1, 1995, in Case No. 50934, the Petitioner pled guilty to aggravated robbery in Count 1, aggravated robbery in Count 2, and burglary of an automobile in Count 4.[1] In the same guilty plea, the Petitioner pled guilty to three separate counts of aggravated robbery in Case Nos. 50928, 50929, and 50932.

In Case No. 50934, the judgment form for Count 1 shows that the trial court ordered a twelve-year sentence to be served consecutively to "Case No. 49900 previously imposed by Knox County Criminal Court." On the judgment form for Count 2, the trial court ordered that an eleven-year sentence be served consecutively to the "[first] count of th[e] indictment"; and on Count 4, the court ordered that a two-year sentence be served consecutively to the "[second] count of th[e] indictment." Thus, the Petitioner received a total effective sentence of twenty-five years in Case No. 50934, to be served consecutively to the forty-five-year sentence already imposed in Case No. 49900. The record before us does not contain judgment forms for Case Nos. 50928, 50929, or 50932.

On January 8, 1999, on direct appeal in Case No. 49900, we affirmed the Petitioner's conviction and sentence on Count 4 for especially aggravated burglary, but we reversed the conviction on Count 5 for attempted first degree murder. State v. Grover Donnell Cowart, No. 03C01-9512-CR-00402, 1999 WL 5174 (Tenn. Crim. App. Jan. 8, 1999), perm. app. denied (Tenn. June 28, 1999) ("Cowart I"). Furthermore, this court concluded that the trial court had failed to make adequate findings regarding the imposition of a consecutive sentence in Count 5. Id. at *30. Thus, we concluded that if the State chose to re-prosecute the charge of attempted first degree murder in Count 5, the trial court could impose a consecutive sentence only after making appropriate findings. Id. This court's opinion did not disturb the conviction or sentence on Count 4. On September 9, 2000, the State nolle prosequied the attempted first degree murder charge, leaving only the twenty-five-year sentence remaining in Count 4 in Case No. 49900.

On July 27, 2010, the Petitioner filed a petition for writ of habeas corpus. This court affirmed the habeas corpus court's summary dismissal of that petition. Grover D. Cowart v. David Sexton, No. E2011-00774-CCA-R3-HC, 2011 WL 3896942 (Tenn. Crim. App. Sept. 6, 2011), perm. app. denied (Tenn. Dec. 14, 2011) ("Cowart II"). We summarized the Petitioner's argument in that petition as follows:

_____

[1]With respect to Count 4, the trial court entered an amended judgment on October 18, 1995, correcting the burglary conviction's designation to a Class E Felony.

[In his petition,] he asserted that our court's remand of case number 49900 for a new trial for the attempted first degree murder count and for findings in support of consecutive sentencing meant that both counts of the indictment were "pending final disposition" at the time he was sentenced in case number 50934. According to the [P]etitioner's reasoning, this had the effect of "rearranging the order of the sentencing courts," thereby depriving the court in case number 50934 of "authority to require the [P]etitioner to serve the [effective] twenty-five-year sentence in [that case] consecutively with the twenty-five-year sentence in [case number] 49900."

Id. at *1.

In Cowart II, we noted that the Petitioner misunderstood the effect of this court's holding on direct appeal because "our order on remand did not affect the [P]etitioner's especially aggravated robbery conviction or the twenty-five-year sentence he received for that conviction." Id. at *2. We concluded, "There is, therefore, nothing unlawful in the trial court's ordering that the [P]etitioner serve his sentence for aggravated robbery in case number 50934 consecutively to the twenty-five-year sentence that remained in case number 49900." Id.

On September 18, 2013, the Petitioner filed a "Motion to Correct Illegal Sentence And/Or For Habeas Corpus Relief" in the Knox County Criminal Court.[2] That court entered an order on December 4, 2013, summarily dismissing the Petitioner's writ of habeas corpus, finding that "all the[] issues ha[d] been previously litigated." The Petitioner filed his notice of appeal on January 22, 2014, nineteen days beyond the thirty-day limit for filing a notice of appeal. On May 16, 2014, this court entered an order waiving the timely filing of the notice of appeal for good cause shown.

ANALYSIS

On appeal, the Petitioner seeks habeas corpus relief, contending that the judgments of conviction in Case No. 50934 are void, that the judgment of conviction in Count 1 of Case No. 50934 is too "indefinite and ambiguous" to run consecutively to his conviction in Case

---

[2]The Petitioner's motion states that, in addition to habeas corpus relief, he is seeking relief under Tennessee Rule of Criminal Procedure 36.1, which allows for the correction of an illegal sentence upon motion of either the defendant or the State. However, the Petitioner has failed to make any argument that his sentences were imposed in contravention of any statute or were otherwise illegally imposed. As we understand the Petitioner's arguments on appeal, he argues that the judgments themselves are void and that his sentences have expired, and we will therefore analyze his arguments in accordance with habeas corpus principles.

No. 49900, that the judgments of conviction in Counts 2 and 3 in Case No. 50934 are too "indefinite, uncertain, and ambiguous" to run consecutively to Count 4 in Case No. 49900, and that the sentences in Case No. 50934 are expired. The State responds that the Petitioner's judgments are facially valid and that he is not otherwise entitled to habeas corpus relief. We agree with the State.

Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Procedurally, we note that the failure to file a petition for a writ of habeas corpus in the county of incarceration, absent a sufficient reason for not doing so, is a proper basis for the dismissal of the petition. Tenn. Code. Ann § 29-21-105. "However, if a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient." Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008). In Davis, the court concluded that "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." Id. at 22. Here, the Petitioner cited to Davis in his brief and explained that he filed his petition in the Knox County Criminal Court because the trial court "possesses the judgments and records in case numbers 49900 and 50934[,] . . . has personal knowledge of . . . both cases[,] and was in the best position to adjudicate the issues raised by this appeal." Accordingly, we conclude that the Petitioner provided a sufficient reason to file his documents in the convicting court, as opposed to the court in the county of his incarceration.

Initially, the State asks this court to dismiss the Petitioner's appeal as untimely. As we have previously mentioned, this court entered an order on May 16, 2014, waiving the timely filing of the notice of appeal for good cause shown. The State's request to dismiss

-4-

this appeal as untimely is not supported by the record and is without merit.

The Petitioner first contends that the judgments of conviction for Counts 1, 2, and 4 in Case No. 50934 are void because they failed to "fully identify the convictions and sentences in [Case Nos.] 50928, 50929, and 50923," which were a part of the same guilty plea. The State responds that the judgments are facially valid and were not required to reference other case numbers.

The record shows that the Petitioner entered a guilty plea on August 1, 1995, in Case Nos. 50934 (Counts 1, 2, and 4), 50928, 50929, and 50932. Further, the guilty plea gave the trial court discretion to impose an appropriate sentence. Also on August 1, 1995, the trial court entered judgment forms for Counts 1, 2, and 4 in Case No. 50934. The judgment forms make no mention of Case Nos. 50928, 50929, or 50932.

From the record before us, we cannot say whether the judgment forms in Case Nos. 50928, 50292, and 50923 do in fact exist and were not included in the record, or, instead, whether no judgments were ever entered in those cases. It is incumbent upon the Petitioner in a habeas corpus action to prove entitlement to relief. See Summers, 212 S.W.3d at 260. There is a conclusive presumption that a judgment is valid in all respects and "such matters [complained of in the habeas corpus petition] are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment." Id. (quoting State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). After reviewing the three judgments of conviction entered in Case No. 50934 and the record as a whole, we cannot conclude that the judgments are void on their face simply because they fail to reference the other cases included in the guilty plea. Accordingly, the Petitioner is not entitled to relief on this issue.

Next, the Petitioner argues that the judgment of conviction in Count 1 of Case 50934 is too "indefinite and ambiguous" to run consecutively to Count 4 in Case 49900 because it fails to include the date of the prior conviction and the specific count and terms of years imposed in Case No. 49900. The State responds that these details are not required on the judgments in order for them to be facially valid.

Tennessee Rule of Criminal Procedure 32(c) states that when a defendant pleads guilty and the defendant has additional sentences not yet fully served, "the court shall recite this fact in the judgment setting sentence, and the sentence imposed is deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively to the prior sentence or sentences." (Emphasis added). A review of the judgment form for Count 1 in Case No. 50934 shows that in the "[c]onsecutive to" box, the trial court wrote "Case No. 49900 previously imposed by Knox County Criminal Court." The Petitioner has not cited to any authority that would

require the date of the prior conviction or specific count and term of years imposed to also be stated. Therefore, we find no defect on the face of the judgment, and the Petitioner's claim is without merit.

The Petitioner further contends that, assuming that Count 1 of Case No. 50934 is definite and certain on its face, Counts 2 and 4 of Case No. 50934 are too "indefinite, uncertain, and ambiguous" such that they cannot run consecutively to Case No. 49900. The State responds that, as is indicated by the judgment forms, Counts 2 and 4 of Case No. 50934 were not intended to run consecutively to Case No. 49900, and thus, there is no defect in the judgments.

As is clearly indicated by the judgment forms in Case No. 50934, Count 2 is ordered to run consecutively to Count 1; Count 4 is ordered to run consecutively to Count 2. Because Count 1 was ordered to be served consecutively to Case No. 49900, the total effect of the judgments in Case No. 50934 is a twenty-five-year sentence that runs consecutively to the twenty-five-year sentence imposed in Case No. 49900. We discern no ambiguity in the trial court's imposition of consecutive sentences, the judgments are valid on their fact, and the Petitioner's argument is thus without merit.

Finally, the Petitioner contends that his sentences in Case No. 50934 have expired. Essentially, the Petitioner argues that Cowart I had the effect of invalidating the "manner of service component" of his sentence in Case No. 49900, and, thus, the trial court could not properly order his sentence in Case No. 50934 to run consecutively to Case No. 49900. Based on this reasoning, the Petitioner concludes that his sentence in Case No. 50934 began to run on August 1, 1995, and has expired. The State responds that the Petitioner's demand for relief would be better addressed under the Tennessee Administrative Procedures Act, rather than in a habeas proceeding. The State further responds that in Cowart I this court did not invalidate his twenty-five-year sentence imposed on Count 4 of Case No. 49900. Finally, the State points out that even if this court were to accept the Petitioner's argument that his twenty-five-year sentence in Case No. 50934 began to run in 1995, he has only been incarcerated on those charges for nineteen years and is, therefore, not entitled to habeas relief.

We conclude that this issue has been previously litigated. Although the Petitioner asserts that this issue is distinct from the one already decided by this court in Cowart II, we discern no difference between the substance of the previously litigated issue and the Petitioner's current argument. As we have previously held, "[t]here is . . . nothing unlawful in the trial court's ordering that the [P]etitioner serve his sentence for aggravated robbery in case number 50934 consecutively to the twenty-five-year sentence that remained in case number 49900." Cowart II, 2011 WL 3896942, at *2. A petitioner may not use habeas

-6-

proceedings as a means to raise and relitigate issues previously ruled upon. Gant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973), cert. denied, (Tenn. 1974). Because we conclude that this issue has been previously litigated, the Petitioner is not entitled to further review of this issue.

## CONCLUSION

Based upon the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.


_____

D. KELLY THOMAS, JR., JUDGE