IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2018

**TIMOTHY A. BAXTER v. STATE OF TENNESSSE**

**Appeal from the Circuit Court for Madison County**
**No. C-17-101     Roy Morgan, Jr., Judge**

_____

**No. W2017-01073-CCA-R3-HC**
_____

The petitioner, Timothy A. Baxter, appeals the summary dismissal of his petition for writ of habeas corpus. Because the notice of appeal was untimely and because the interests of justice do not warrant waiver of the timely filing in this case, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Timothy Baxter, Trousdale, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 11, 2017, the petitioner filed a petition for writ of habeas corpus seeking relief on grounds that the affidavit of complaint issued prior to his September 2001 arrest was not signed by a neutral and detached magistrate. Myriad problems plague the original petition for writ of habeas corpus. The petition does not name the conviction offense, county of conviction, or year of conviction. No copy of the judgment(s) under attack was appended to the original petition. Indeed, the petition does not even indicate that the petitioner was actually convicted of any offense.

This court's 2004 memorandum opinion in _Timothy Baxter v. Tony Parker, Warden_, observed that the record in the petitioner's case indicated that "on December 10, 2001, the [p]etitioner entered guilty pleas" in the Madison County Circuit Court "to one count [of] possession of methamphetamine, one count of possession of marijuana, one

count of manufacture of methamphetamine, one count of felony possession of a handgun, one count of possession of drug paraphernalia, and one count of theft over $10,000" in exchange for a 12-year effective sentence. *Timothy Baxter v. Tony Parker, Warden*, No. W2004-01451-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., Jackson, Dec. 8, 2004) (Memorandum Opinion) (*Baxter I*); *see also Timothy Baxter v. State*, No. W2006-01667-CCA-R3-PC, slip op. at 2 (Tenn. Crim. App., Jackson, Sept. 26, 2007) (*Baxter II*) (noting that, pursuant to a plea agreement with the State, the petitioner received a 12-year effective sentence in exchange for his December 2001 guilty pleas). Given the timing of the guilty-pleaded convictions and the fact that the affidavit of complaint exhibited to the petition for writ of habeas corpus lists charged offenses of manufacturing methamphetamine, possession with intent to sell methamphetamine, possession with intent to sell a Schedule I controlled substance, possession of marijuana, possession of a Schedule II controlled substance, possession of a Schedule IV controlled substance, and possession of a firearm during the commission of a drug offense, we surmise that the conviction offenses challenged in the April 11, 2017 petition for writ of habeas corpus are the same ones challenged in the petitions at issue in *Baxter I* and *Baxter II*.

On April 13, 2017, the Madison County Circuit Court issued an order summarily dismissing the petition on grounds that the petitioner failed to file the petition in the county closest to his place of incarceration, that the petitioner had failed to state a cognizable claim for relief, and that the petitioner's sentence in the challenged case had expired in November 2010. On April 28, 2017, the petitioner moved the habeas corpus court pursuant to Tennessee Rule of Civil Procedure 59(e) to "alter or amend" the court's judgment dismissing his petition. In his motion, the petitioner conceded that his sentence had expired but argued that he was nevertheless restrained of his liberty because the challenged convictions had been used to enhance the sentence for his subsequent conviction of aggravated assault. On that same day, the petitioner moved the court to "stay resolution of" his habeas corpus petition until the court ruled on his Rule 59 motion.

The habeas corpus court dismissed the petitioner's motion to alter or amend on May 4, 2017, stating that it had "again reconsidered the underlying petition, the State's response, the motion to alter or amend and the State's response to the motion to alter or amend, together with the underlying case and applicable law." The court reiterated that the petitioner had failed to state a cognizable ground for habeas corpus relief, that the petitioner's sentence "has long since expired and he is no longer restrained as a result of the judgment in question," and that the petitioner had failed to show cause as to why he had failed to file the petition in the county where he was incarcerated. The court also found that the petitioner had failed to attach copies of his judgments to the original petition, as required by statute, and that he had failed to attach to the petition sufficient documentation from the record to support his claim. In a separate order, the court also dismissed the motion to hold the case in abeyance.

On May 16, 2017, the petitioner moved the habeas corpus court to grant an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The court denied the motion on the following day. On May 30, 2017, the petitioner filed a notice of appeal from "the final order entered on May 7, 2017."

Initially, the State contends that this court lacks jurisdiction to entertain the appeal because no appeal as of right lies from the trial court's order denying the petitioner's motion for a Rule 9 appeal. The State is correct that no appeal as of right lies from the denial of permission to seek interlocutory appeal and that the notice of appeal indicates that the petitioner seeks to appeal "the final order entered on May 7, 2017," which was the date of the order denying the request for interlocutory appeal. The petitioner's brief, however, indicates that he seeks to appeal the summary dismissal of his petition for writ of habeas corpus. A Rule 3 appeal as of right does lie "from a final judgment in a . . . habeas corpus . . . proceeding." Tenn. R. App. P. 3(b).

That being said, the May 30, 2017 notice of appeal was filed more than 30 days from the entry of the original order dismissing the petition for writ of habeas corpus. Because Tennessee Rule of Civil Procedure 59 does not apply in a habeas corpus proceeding, *see Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008), the petitioner's filing of a Rule 59 motion after the dismissal of his habeas corpus petition did not toll the time for filing a notice of appeal in this case. In consequence, the petitioner's notice of appeal was untimely. Tenn. R. App. P. 4(a). Although this court may waive the timely filing of the notice of appeal "in the interest of justice," *id.*, it is our view that the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case because the record clearly establishes that the petitioner is not entitled to habeas corpus relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for

the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The petitioner's sentence for the challenged convictions has been served and has expired, and the "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction." *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004). Consequently, the writ of habeas corpus is unavailable to the petitioner as an avenue of relief. Summary dismissal of the petition was justified on this basis alone.

Moreover, even if the petitioner could show that he is restrained of his liberty by virtue of the challenged convictions, the record demonstrates that the petitioner wholly failed to comply with the mandatory statutory requirements for filing a petition for writ of habeas corpus. The original petition does not name "the person by whom and place where" the petitioner is purportedly restrained. T.C.A. § 29-21-107(b)(1). Additionally, the petition does not state "[t]he cause or pretense of such restraint according to the best information of the applicant," "[t]hat the legality of the restraint has not already been adjudged upon a prior proceeding of the same character," or "[t]hat it is the first application for the writ." *Id.* § 29-21-107(b)(2)-(4). Indeed, as this court in *Baxter I* indicates, the April 2017 petition was not the petitioner's first application for writ of habeas corpus in this case, and he failed to either append to the petition a copy of the previous petition "and proceedings thereon" or to give "satisfactory reasons . . . for the failure so to do." *Id.* § 29-21-107(b)(4). Lastly, the petitioner failed to append to the petition a copy of the "legal process," in this case the judgments of conviction, and failed to give any reason for his failure to do so. *Id.* § 29-21-107(b)(2). The petitioner's failure to satisfy these requirements justified the summary dismissal of the petition.

Finally, even had the petitioner satisfied the mandatory statutory requirements, he has failed to state a cognizable claim for habeas corpus relief. Any challenge to the affidavit of complaint in this case was foreclosed by the return of a valid indictment. *See Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960) (holding "that all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because under T.C.A. §§ 40-1605 to 40-1625 grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county").

Because the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE