GOFORTH *v.* STATE *ex rel.* GOFORTH.

*(Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

A. ALLAN KELLY, of South Pittsburg, and TOM J. DAVIS, of Chattanooga, for plaintiff in error.

JOHN H. EARLY, of Chattanooga, for defendant in error.

MR. JUSTICE DeHAVEN delivered the opinion of the Court.

James H. Goforth, defendant below, filed a written motion to quash the writ of *habeas corpus* issued in the case upon the grounds (1) that the petition shows on its face that the petitioner and defendant are residents of Sequatchie County, Tennessee, within the jurisdiction of the Eighteenth Judicial Circuit, and that the children whose custody is sought were at the home of defendant in the village of Cartwright, Sequatchie County, at the time of the filing of the petition and issuance of the writ and the Circuit Court of Hamilton County is, therefore, without jurisdiction; (2) that the writ is void because addressed to any lawful officer of Hamilton County and was executed by an officer of Hamilton County within the bounds of Sequatchie County, without authority of law.

(1) Writ of *habeas corpus* may be granted by any judge of the circuit or criminal courts, or by any chancellor in cases of equitable cognizance. Code, section 9674. It will be noticed that the writ may be granted by "any" judge of the circuit or criminal courts, or by "any" chancellor in cases of equitable cognizance.

Where the writ is to be applied for is governed by Code, section 9675, which is as follows:

"The application should be made to the court or judge most convenient in point of distance to the *applicant*, unless a sufficient reason be given in the petition for not applying to such court or judge." (Italics ours.)

It is averred in the petition that petitioner "is making application to the judge of the Second Division of the Sixth Judicial Circuit for the reason that there is no judge residing in Sequatchie County qualified to hear this cause, and the Hon. L. D. Miller, as Judge, is most convenient in point of distance to the applicant," etc. It was further averred that petitioner "about two weeks ago returned to her mother in Hamilton County."

It thus appears on the face of the petition that the Circuit Judge of Hamilton County, to whom the petition is addressed, had jurisdiction to issue the writ.

(2) The objection that the writ was addressed to any lawful officer of Hamilton County and was executed by an officer of Hamilton County within the bounds of Sequatchie County is without merit. By Code, section 9681, it is provided as follows:

"The writ may be served by the sheriff, coroner, or constable, or any other person appointed for that purpose by the court or judge by whom it is issued or allowed. If served by any other person than the sheriff, he possesses the same power, and is liable to the same penalty for nonperformance of his duty, as though he were the sheriff."

Under this section, the appointment by the Circuit Judge of Hamilton County of any lawful officer of the county to serve the writ was valid.

The judgment of the trial court overruling the motion to quash and upon final hearing awarding the custody of the children involved in the suit to petitioner is affirmed. Plaintiff in error will pay the costs of the appeal.