# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 7, 2007

## PAUL T. DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-483     Monte Watkins, Judge**

---

**No. M2006-01831-CCA-R3-HC - Filed December 3, 2007**

---

The Petitioner, Paul Tobias Davis, appeals the summary dismissal of his petition for habeas corpus relief. In his petition, the Petitioner asserted that his sentence is illegal because he was denied pretrial jail credits. The habeas corpus court summarily dismissed the petition because the petition did not state a sufficient reason for not being filed in the county nearest to the Petitioner. On appeal, the Petitioner raises two issues: (1) whether a motion filed in the habeas corpus court to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure can operate to limit the jurisdiction of this Court; and (2) whether the fact that the convicting court possesses relevant records relating to a petitioner's sentence and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 to file a habeas corpus petition in the convicting court rather than the court closest in point of distance to a petitioner. Following our review, we hold that motions filed pursuant to Rule 59 of the Tennessee Rules of Civil Procedure do not effect the jurisdiction of this Court in actions for habeas corpus relief and that the Petitioner presented a sufficient reason for filing his petition in the Davidson County Criminal Court. Accordingly, we reverse the judgment of the habeas corpus court and remand for the appointment of counsel and further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded

DAVID H. WELLES, J., delivered the opinion of the court, in which, D. KELLY THOMAS, JR., J., joined. JAMES CURWOOD WITT, JR., J., filed a dissenting and concurring opinion.

Paul T. Davis, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural History**

A grand jury indicted the Petitioner for two counts of child rape. He entered into a plea agreement with the State and pled guilty to two counts of aggravated sexual battery. On April 17, 2002, the Davidson County Criminal Court entered judgment on his guilty pleas and sentenced him to ten years for each offense, ordering that the sentences be served concurrently at 100%. In exchange for this sentence, the Petitioner agreed to waive his pretrial jail credits.[1]

On May 22, 2006, the Petitioner filed a petition for habeas corpus relief in the convicting court—the Davidson County Criminal Court. At that time, the Petitioner was incarcerated in the Hardeman County Correctional Facility, located in Whiteville. In the petition, the Petitioner made the following statement as to why he filed it there:

> Jurisdiction for this cause of action is conferred upon this Honorable Court by the following:
>
> 1.    Tenn. Code Ann. §§ 29-21-101 et seq.
>
> The [P]etitioner hereby contends that the Criminal Court of Davidson County, Tennessee is most convenient to this petition, and the [trial judge] is the judge that sentence [sic] the [P]etitioner and due to the illegal sentence imposed, the trial judge "may correct an illegal, as opposed to [a merely] erroneous[,] sentence at any time[,] even if it has become final."

(quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)).

The petition averred that he was entitled to habeas corpus relief because the sentence imposed by the trial court was illegal, void, "and in direct contravention of an express statute." Specifically, he relied upon State v. Richard Daniel Filauro, No. M2002-02186-CCA-R3-CD, 2004 WL 840084 (Tenn. Crim. App., Nashville, Apr. 16, 2004), to argue that the trial court did not have the authority to allow the waiver of his pretrial jail credits or to sentence him without granting them.

To support his argument, the Petitioner attached copies of his two judgments of conviction for aggravated sexual battery. The first judgment form states that "the [Petitioner] agrees to forfeit pretrial jail credit," and the second judgment indicates that the Petitioner has no pretrial jail credit.

---

[1] After the judgment became final, the Petitioner filed a pro se "Petition for Pretrial Jail Credit And/or Petition for Writ of Certiorari" challenging the calculation of his sentencing credits during his incarceration in the county jail from July 8, 2001, until April 17, 2002. See Paul Tobias Davis v. State, No. M2004-02378-CCA-R3-CO, 2005 WL 468301, at *1 (Tenn. Crim. App., Nashville, Feb. 24, 2005). The trial court dismissed the petition, and this Court affirmed pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, concluding that the trial court did not have jurisdiction over the matter and that the proper avenue by which to address sentence reduction credits was through the Administrative Procedures Act. See id. at *2 (citing Tenn. Code Ann. § 4-5-101, et. seq.).

Without holding an evidentiary hearing or appointing counsel to represent the Petitioner, the habeas corpus court entered an order on July 20, 2006, dismissing his petition because it was not filed in the county nearest to him:

> The [P]etitioner is an inmate in the Tennessee Department of Correction[] in [the] Hardeman County Corrections Facility in Whiteville, Tennessee and has filed [his] petition in [the] Davidson County Criminal Court in Nashville, Tennessee.
> This Court closely reviewed the petition, court file, in light of the applicable Tennessee law. The Court finds that the [P]etitioner has failed to [indicate] a reason for not filing in the nearest county and as a result, his petition shall be respectfully denied.

See Tenn. Code Ann. § 29-21-105 (stating that applications for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge").

Following the habeas corpus court's ruling, the Petitioner filed a motion to alter and amend the judgment pursuant to Rule 59 of the Tennessee Rules of Civil Procedure in the habeas corpus court.[2] See Tenn. R. Civ. P. 59.04. In the Rule 59 motion, the Petitioner stated that "a motion to alter and amend the order is the appropriate remedy to allow the [habeas corpus court] to correct errors and reconsider the proof and applicable law, resulting from the court overlooking or failing to consider matters established in the record." See Tenn. R. Civ. P. 59.01(4) (stating that a motion to alter or amend the judgment is one of four motions contemplated by the rules of civil procedure "for extending the time for taking steps in the regular appellate process"). Referencing Tennessee Code Annotated section 29-21-105, the Petitioner again stated that the Davidson County Criminal Court could properly rule on the merits of his petition:

> The Petitioner alleges because the Criminal Court for Davidson County, Division I, can correct an illegal sentence at any time and is in possession of the records pertaining to the sentence [sic]. This [c]ourt has [the] convenience of having the records present providing a sufficient reason for this court to exercise jurisdiction despite the terms of [Tennessee Code Annotated section] 29-21-105, "which states that the habeas corpus application should be made to the court or judge most convenient [i]n point of distance to the applicant."

In support of this contention, the Petitioner quoted State v. Noah J. Love, No. E2000-00254-CCA-R3-CD, 2001 WL 523373, at *2 (Tenn. Crim. App., Knoxville, May 16, 2001) (stating that a panel of this Court had previously ruled that when a petitioner seeks relief from an illegal sentence by way of habeas corpus, he may do so in the convicting court rather than the court closest to him "because the former can correct an illegal sentence at any time and is in possession of the records pertaining

---

[2] Although the Petitioner's Rule 59 motion does not contain an official "file stamp" date, a responding letter from the court states that the motion was filed on August 14, 2006.

to the sentence") (citing State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App., Nashville, Oct. 13, 2000)).

The Petitioner then essentially resubmitted his argument that the trial court did not have the authority to allow him to waive his pretrial jail credits because doing so was in direct contravention of an express statute, Tennessee Code Annotated section 40-23-101(c). This provision states that trial courts are to render judgments of conviction so that defendants are afforded credit for time served in jail prior to trial:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

Tenn. Code Ann. § 40-23-101(c). In support of this argument, the Petitioner again cited State v. Richard Daniel Filauro. See Filauro, 2004 WL 8400084, at *4–5 (holding that the defendant's sentence was illegal because the trial court allowed the waiver of pretrial jail credits in direct contravention of an express statutory provision—Tennessee Code Annotated section 40-23-101(c)).

The habeas corpus court did not issue a formal ruling on the Rule 59 motion; however, on August 23, 2006, a responding letter from the court's law clerk to the Petitioner made it evident that the court's previous order summarily dismissing the petition for failure to file in the correct county was its final ruling. The Petitioner filed a notice of appeal on August 25, 2006.

**Analysis**

**I.       Effect of the Petitioner's motion to alter and amend**

On appeal, the Petitioner first argues that this Court lacks jurisdiction to hear this case because he "filed an appropriate post-trial motion" in the habeas corpus court. Specifically, he contends that this Court does not have jurisdiction because the habeas corpus court has not ruled on his motion to alter or amend the judgment filed pursuant to Rule 59 of the Tennessee Rules of Civil Procedure and that, under Rule 4 of the Tennessee Rules of Appellate Procedure, the habeas corpus court maintains jurisdiction over the case until it rules on his Rule 59 motion. See Tenn. R. App. P. 4(b)(4). The State does not address this argument in its appellate brief. However, we conclude that a motion filed pursuant to Rule 59 of the Tennessee Rules of Civil Procedure does not limit the jurisdiction of this Court in appeals from the denial of habeas corpus relief.

The Petitioner is correct that habeas corpus actions constitute a collateral attack on a petitioner's judgment of conviction and are therefore essentially civil in nature; however, the Tennessee Rules of Civil Procedure apply only to the extent that they are consistent with the statutes

-4-

governing habeas corpus actions, Tennessee Code Annotated section 29-21-101, <u>et. seq</u>. <u>See</u> <u>Joseph Miles v. State</u>, No. M2006-02088-CCA-R3-HC, 2007 WL 1828879, at *5 (Tenn. Crim. App., Nashville, June 26, 2007); <u>John J. Villaneuva v. State</u>, No. 03C01-9611-CR-00425, 1997 WL 607499, at *1 n.5 (Tenn. Crim. App., Knoxville, Oct. 3, 1997). One of those statutes provides that "[a]ny party, either relator or defendant, in any habeas corpus case shall have the right of appeal to the proper appellate court from any judgment or decree rendered against such party by an inferior court"; however, this provision does "not apply to parties held in custody in criminal cases." Tenn. Code Ann. § 29-21-127. Although the habeas corpus statutes do not specifically provide criminal defendants who are being held in custody the right of appeal, the right is provided by Tennessee Rule of Appellate Procedure 3(b). <u>See</u> Tenn. R. App. P. 3(b). Appellate Rule 3(b) is subtitled as "Availability of Appeal as of Right by Defendant in Criminal Actions," and it provides for the right of criminal defendants to appeal in specified situations, including from "a final judgment in a . . . habeas corpus . . . proceeding." <u>Id.</u> This rule indicates therefore that, for the purposes of appeal, habeas corpus cases involving incarcerated criminal defendants are "criminal actions." <u>See id.</u> Our supreme court's opinion in <u>Tragle v. Burdette</u>, 438 S.W.2d 736 (Tenn. 1969), supports this view. In <u>Tragle</u>, the court stated that habeas corpus actions that "involve detention for the commission of a crime" are "essentially criminal," and therefore, appeals in such cases should be made to the court of criminal appeals. <u>Id.</u> at 737. In viewing this appeal as a criminal action, we note that the Tennessee Rules of Criminal Procedure do not contemplate a motion to alter and amend the judgment, and therefore such a motion will not operate to limit the jurisdiction of this Court. <u>See</u> Tenn. R. App. P. 4(c).

Having concluded that the Petitioner's motion to alter and amend filed in the habeas corpus court does not affect this Court's ability to entertain this appeal, we turn our attention to whether his notice of appeal was timely filed. The notice of appeal was filed on August 25, 2006, thirty-six days after the habeas corpus court's order of dismissal. Even though this notice was filed more than thirty days after entry of the judgment and could therefore be considered as untimely,[3] we will waive the thirty-day requirement in this case in the interest of justice and reach the merits of the Petitioner's contentions regarding the proper county of filing under Tennessee Code Annotated section 29-21-105. <u>See</u> Tenn. R. App. P. 4(a). We do so in part because prior to our holding in this case regarding the Petitioner's Rule 59 motion, it was unclear whether his filing of that motion pursuant to the rules of civil procedure would extend the time normally afforded to file a notice of appeal.

**II.      Proper county of filing under Tennessee Code Annotated section 29-21-105**

Tennessee Code Annotated section 29-21-105 "requires one filing a petition for writ of habeas corpus to do so with a court or judge nearest him, which would generally mean within the county, unless sufficient reason be given in the petition for not doing so." <u>Leach v. Avery</u>, 387 S.W.2d 346, 347 (Tenn. 1964). In other words, if a habeas corpus petition is filed in a court other than the one nearest the petitioner and does not state any reason why it was not filed in the nearest court, it may be dismissed for failure to comply with this section. <u>See, e.g.</u>, <u>Joseph G. Williams, Jr. v. State</u>, No. E2006-00230-CCA-R3-PC, 2006 WL 3410693, at *3 (Tenn. Crim. App., Knoxville,

---

[3] The notice is dated August 21, 2006, but the record does not reflect the date it was delivered to the appropriate individual at the correctional facility where the Petitioner is incarcerated. <u>See</u> Tenn. R. Crim. P. 49(d); Tenn. R. App. P. 20(g).

Nov. 27, 2006). However, if a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient. See Tenn. Code Ann. § 29-21-105; Ricky Harris v. Robert Conley, Warden, No. 02C01-9309-CC-00227, 1994 WL 510501, at *2 (Tenn. Crim. App., Jackson, Sept. 21, 1994) (Tipton, J., concurring); see also Goforth v. State, 144 S.W.2d 739, 739–40 (Tenn. 1940) (concluding that it was a sufficient reason under the statute to file in a county other than the county where the parties resided because there was no qualified judge to hear the petition in that county); Moses Coury v. Bruce Westbrooks, Warden, No. M2003-01800-CCA-R3-PC, 2004 WL 2346151, at *3 (Tenn. Crim. App., Nashville, July 20, 2004) (concluding that "filing in the county which is more economical for counsel is not a 'sufficient reason' under section 29-21-105 for filing a petition for habeas corpus relief in the court of conviction instead of the court most convenient to the petitioner").

The Petitioner in the present case did state a reason for filing his petition in Davidson County, where he was convicted, rather than in Hardeman county, where he is incarcerated. He asserted that because the Davidson County Criminal Court possesses the relevant records regarding his allegedly illegal sentence and retains the authority to correct his sentence at anytime, it is an appropriate court in which to file his habeas corpus action. In support of this argument on appeal, the Petitioner again relies on State v. Noah J. Love, No. E2000-00254-CCA-R3-CD, 2001 WL 523373 (Tenn. Crim. App., Knoxville, May 16, 2001).

The Petitioner is correct that in Love, it was noted that in Jones, this Court held that when a habeas corpus petitioner alleges his sentence is illegal, the convicting court may be a proper venue under the terms of Tennessee Code Annotated section 29-21-105. Love, 2001 WL 523373, at *2. Specifically, in Jones, this Court stated that:

> Procedurally, the defendant seeking habeas corpus relief should apply to the court most convenient in distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. We note that the convicting court possesses all of the records relevant to a defendant's sentence. Also, the issue relates to a void sentence, which the convicting court can correct at any time, not a void conviction in terms of the verdict of guilt. We believe these circumstances provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court.

Jones, 2000 WL 1520012, at *2.

However, other opinions and orders issued by this Court have concluded that the possession of relevant sentencing records and the authority to correct an illegal sentence was not a sufficient reason to file in the convicting court rather than the closest court. See, e.g., James M. Grant v. State, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208, at *2–3 (Tenn. Crim. App., Nashville, Oct. 2, 2006) (memorandum opinion). In Grant, the habeas corpus petitioner argued that a sufficient reason for filing in the convicting court, rather than the court closest in point of distance, was that "the convicting court can correct an illegal sentence at any time and is in possession of records pertaining to the sentence," and this Court ruled that it had "repeatedly held that this is not a sufficient reason

for filing in a court other than one where the petitioner is located." Id. at *3 (citing Larry L. Halliburton v. State, No. W2001-00755-CCA-R3-CO, 2002 WL 1558611, at *2 (Tenn. Crim. App., Jackson, Jan. 30, 2002), perm. to app. denied, (Tenn. July 1, 2002); Jimmy Wayne Wilson v. State, No. 03C01-9806-CR-00206, 1999 WL 420495, at *2 (Tenn. Crim. App., Knoxville, June 24, 1999), perm. to app. denied, (Tenn. Nov. 22, 1999); Charles Bryant v. State, No. 03C01-9803-CR-00115, 1999 WL 274849, at *1 (Tenn. Crim. App., Knoxville, May 4, 1999)); see also Marvin Anthony Matthews v. State, No. W2003-00106-CCA-R3-CO, 2003 WL 23100812, at *1 (Tenn. Crim. App., Jackson, Dec. 31, 2003) (memorandum opinion). However, all of these opinions also concluded that the petition in question was fatally deficient in other ways as well.

This Court's unpublished opinions are split on this issue. After due consideration, we hold that when a habeas corpus petitioner asserts that his sentence is illegal, the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance. See Jones, 2000 WL 1520012, at *2; see also Burkhart, 566 S.W.2d at 873. We note that convicting courts will retain the ability to summarily dismiss petitions when the petition fails to state a cognizable claim for relief, see Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); Coury, 2004 WL 2346151, at *3 (citing Tenn. Code Ann. § 29-21-109), but if it is apparent on the face of the judgment or from the record of the proceedings that the sentence the court previously imposed is illegal (i.e., in direct contravention of an express statutory provision), the convicting court can correct the sentence.

**Conclusion**

Based on the foregoing authorities and reasoning, we conclude that the Petitioner's motion to alter and amend filed pursuant to the Tennessee Rules of Civil Procedure does not affect the jurisdiction of this Court in this appeal and that the Petitioner did provide a sufficient reason for filing his petition in the convicting court rather in the court closest in point of distance. As such, we reverse the habeas corpus court's order of summary dismissal and remand for the appointment of counsel and further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE