IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2018

## STATE OF TENNESSEE v. CURTIS LASHUN WREN

**Appeal from the Criminal Court for Shelby County**
**No. 05-03251          Chris Craft, Judge**

_____

**No. W2017-01978-CCA-R3-CD**

_____

Defendant, Curtis Lashun Wren, appeals from the denial of relief from his "Ex Parte Injunction and/or Show Cause Order," which the trial court treated as a petition for writ of habeas corpus. Because the pleading, even if treated as a petition for writ of habeas corpus, does not meet the procedural requirements set forth in Tennessee Code Annotated sections 29-21-105, -106, and/or -107, we affirm the judgment of the trial court, albeit for different reasons.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Curtis Lashun Wren, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

Defendant was indicted in May of 2005 for two counts of aggravated robbery, one count of especially aggravated kidnapping, and one count of evading arrest. In February of 2008, Defendant pled guilty to both counts of aggravated robbery, one count of evading arrest, and a reduced charge of attempted especially aggravated kidnapping. The plea agreement specified that Defendant would receive a fifteen-year sentence for each

aggravated robbery conviction, a fifteen-year sentence for the attempted especially aggravated kidnapping conviction, and a two-year sentence for the evading arrest conviction. The sentences for aggravated robbery and evading arrest were ordered to be served concurrently while the sentence for attempted especially aggravated kidnapping was ordered to be served consecutively to the other sentences, for a total effective sentence of thirty years. The judgment sheets were signed by the trial court on February 13, 2008, but do not contain a file stamp.[1]

Sometime thereafter, Defendant filed a petition for post-conviction relief. The post-conviction court dismissed the petition on March 31, 2009. *See Curtis Wren v. State*, No. W2017-00500-CCA-R3-PC, 2017 WL 4331054, at *1 (Tenn. Crim. App. Sept. 28, 2017) ("*Wren II*"), *perm. app. denied* (Tenn. Dec. 8, 2017). Defendant did not seek an appeal from the dismissal of post-conviction relief. *Id.*

Defendant then sought relief via the writ of habeas corpus. In the petition, he alleged that he was incompetent and that he received ineffective assistance of counsel. *See Curtis L. Wren v. David Osborne, Warden*, No. E2012-00072-CCA-R3-HC, 2012 WL 3201906, at *1 (Tenn. Crim. App. Aug. 8, 2012) ("*Wren I*"), *no perm. app. filed*. The petition was summarily dismissed, and this Court affirmed the dismissal on appeal.

In another attempt to obtain relief from his convictions and sentence, Defendant filed another petition for post-conviction relief and/or motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1. *See Wren II*, 2017 WL 4331054, at *1. This time, Defendant again alleged that he was incompetent, that trial counsel improperly advised him that he could face a life sentence if he did not enter a guilty plea, that counsel should have argued the two aggravated robbery convictions violated double jeopardy, that there was new scientific evidence of his intellectual disability, and that he received an illegal sentence. *See id.* The trial court summarily dismissed the petition, and this Court affirmed the dismissal on appeal. *See id.* at *2-3.

Next, in yet another attempt to challenge the validity of his convictions, Defendant filed a pleading entitled "Ex Parte Injunction and/or Show Cause Order." This pleading was filed on August 28, 2017, the very same date the pleading was dismissed by the trial court.[2] In the pleading, Defendant argued that his conviction and sentence were

---

[1] Defendant attached an amended judgment for one of the counts of aggravated robbery to his pleading in the trial court. The amended judgment sheet corrects the original judgment by deselecting the box requiring Defendant to remain on community supervision for life. The amended judgment sheet was signed by the trial court on August 13, 2008. Again, this judgment sheet does not contain a file stamp.

[2] While the pleading reflects a file-stamped date of August 28, 2017, the document was certified by Defendant as mailed on August 9, 2017, and stamped "received" by the trial court on August 17, 2017.

somehow void because the judgment sheets were not file stamped. Defendant included with this pleading a "sworn affidavit," in which he argued that his conviction for attempted especially aggravated kidnapping should merge with his convictions for aggravated robbery, that his dual convictions for aggravated robbery violate double jeopardy, and that new evidence proves that he was not competent to enter a guilty plea.

The trial court entered an order denying relief on August 28, 2017. The trial court acknowledged the judgments were not file stamped but noted that the "court jacket reflect[s] that the judgment[s] were filed by the court clerk that date [February 13, 2008], as would the court minutes for that date," and that "[t]he lack of a file stamp on the judgments is not jurisdictional." The trial court treated the pleading as a petition for writ of habeas corpus and denied relief on the basis that the judgments were not void.

Defendant filed a notice of appeal on October 4, 2017.[3]

*Analysis*

On appeal, Defendant argues that the trial court improperly dismissed his motion. Specifically, he insists that his "confinement is voidable since the court clerk failed to properly enter his February 13, 2008 and Amended date of Aug. 13, 2008 judgment pursuant to Tennessee Rule of Criminal Procedure 32(e)," resulting in his "illegal" restraint by the Tennessee Department of Correction since September of 2008. Defendant also again argues that his aggravated robbery convictions should be merged, that the trial court failed to comply with Tennessee Rule of Criminal Procedure 11 with respect to the entry of his guilty plea, and that he should have received a hearing and appointment of counsel in the trial court. The State disagrees, commenting on the fact that it "is not clear [on] what basis [Defendant] could proceed under below" or now on appeal. The State asks this Court to affirm the denial of relief.

We do so, although for different reasons. The trial court below indulged Defendant's repeated attempt to challenge his convictions by treating his "Ex Parte Injunction and/or Show Cause Order" as a petition for writ of habeas corpus. A writ of habeas corpus is available "although no application be made therefor" to remedy an

---

[3] The certificate of service on the notice of appeal indicates that it was given to prison mailroom authorities on September 13, 2017. Because the notice was prepared by the pro se, incarcerated petitioner, it was deemed timely if it was "delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. Crim. P. 49(d)(1) ("If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing."). Moreover, the timely filing of the notice of appeal is not jurisdictional and can be waived by this Court in the interest of justice. Tenn. R. App. P. 4(a).

illegal imprisonment or restraint on liberty. T.C.A. § 29-21-104. Here, while we agree that the habeas corpus court properly treated Defendant's motion as a petition for writ of habeas corpus, we disagree with the ultimate reason for the dismissal.

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). In Tennessee, habeas corpus relief is only available when a conviction is void because the trial court was without jurisdiction or authority to sentence a defendant or when a defendant remains confined despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A petition for habeas corpus relief is initiated by filing a petition in the court "most convenient in point of distance to the applicant." T.C.A. § 29-21-105. Moreover, the petition should name the person causing the illegal restraint, ordinarily the warden, and must identify and provide copies of prior habeas petitions. T.C.A. § 29-21-107(b)(1), (4). A trial court can dismiss a petition for habeas relief for failure to follow these procedures alone. *See e.g.*, *Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008); *Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499, at *2 (Tenn. Crim. App. Dec. 12, 2014), *no perm. app. filed*.

Defendant filed the motion at issue herein in Shelby County. Defendant is incarcerated in Clifton, Wayne County, Tennessee. Defendant's motion, if a proper habeas petition, should have been filed in Wayne County, Tennessee. In our view, the trial court could have dismissed the motion, treated as a petition for writ of habeas corpus, on these grounds alone. Even if we were to acquiesce to the procedural defects with Defendant's motion, he would still not be entitled to relief. Habeas corpus relief is designed to contest void judgments. Nothing on the face of the judgment would entitle him to relief. The lack of a file stamped date on a judgment form "[a]t most . . . amounts to a clerical error" and does not render the convictions void on their face. *See State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017), *no perm. app. filed*; Tenn. R. Crim. P. 32(e) (listing requirements of the judgment form). Defendant has failed to establish that he is entitled to relief. The judgment of the trial court dismissing the motion is affirmed.

_____
TIMOTHY L. EASTER, JUDGE