IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 28, 2018

**QUINTON CAGE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 5333      Steve R. Dozier, Judge**

_____

**No. M2018-00568-CCA-R3-HC**

_____

Petitioner, Quinton Cage, appeals the habeas corpus court's dismissal of his petition for habeas corpus relief.  After a review, we affirm the dismissal of the petition.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Quinton Cage, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Twenty-four years ago, Petitioner was convicted in the Montgomery County Circuit Court of aggravated rape, especially aggravated kidnapping, aggravated robbery, attempted aggravated robbery, and reckless endangerment with a deadly weapon after he snatched the victim at gunpoint and forced her into her car where he eventually raped and robbed her.  He then stole her car and led police on a high speed chase.  *See State v. Quinton Cage*, No. 01C01-9605-CC-00179, 1999 WL 30595, at \*1 (Tenn. Crim. App. Jan. 26, 1999), *perm. app. denied* (Tenn. July 12, 1999).  Defendant received an effective sentence of fifty-five years.  *Id.*  His convictions and sentences were affirmed on direct appeal.  *Id.*

In February of 2000, Petitioner sought post-conviction relief on the basis that the trial court lacked jurisdiction over his case. *State v. Quinton A. Cage*, No. M2000-01989-CCA-R3-PC, 2001 WL 881357, at *1 (Tenn. Aug. 7, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001). The petition was amended to add ineffective assistance of counsel as an additional ground for relief. *Id*. After a hearing, the post-conviction court denied relief and this Court affirmed that decision. *Id.*

Since that time, Petitioner has made multiple attempts to reopen his post-conviction petition. *See Quinton Albert Cage v. State*, No. M2016-02574-CCA-R3-PC, 2017 WL 5304466, at *1 (Tenn. Crim. App. Nov. 13, 2017) (dismissing appeal for lack of jurisdiction because Petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen), *no perm. app. filed*; *Quinton Albert Cage v. State*, No. M2013-01666-CCA-R3-PC (Tenn. Crim. App. Feb. 7, 2014) (order) (dismissing Petitioner's motion to reopen as untimely); *Quinton A. Cage v. State*, No. M2011-00234-CCA-R3-PC, 2012 WL 4841318, at *1 (Tenn. Crim. App. Oct. 5, 2012) (affirming denial of Petitioner's motion to reopen his petition for post-conviction relief as untimely), *perm. app. denied* (Tenn. Jan. 9, 2013).[1] Additionally, Petitioner has, on multiple occasions, sought and been denied habeas corpus relief. *See, e.g.*, *Quinton Albert Cage v. David Sexton, Warden*, No. E2011-01609-CCA-R3-HC, 2012 WL 2764998, at *1 (Tenn. Crim. App. July 10, 2012), *perm. app. denied* (Tenn. Oct. 19, 2012); *Quinton Cage v. Howard Carlton, Warden*, No. E2008-00357-CCA-R3-HC, 2008 WL 3245567, at *1 (Tenn. Crim. App. Aug. 8, 2008), *no perm. app. filed*.

This appeal, however, is based on an action initiated by Petitioner in the Davidson County Circuit Court entitled "Petition for Issuance of Writ of Habeas Corpus and State Complaint Under 40 U.S.C. 1983." It is unclear as to when exactly this action was filed because it does not contain a file stamp. The "Petition" bears the handwritten date of August 20, 2017. It appears, from the sparse record, that Petitioner included some complaints within this filing that were construed by the trial court as a petition for habeas corpus relief. In particular, Petitioner made the argument that his convictions were void and illegal because the juvenile court transfer order sending the case to the Montgomery County Criminal Court was not file stamped. Thus, that portion of the action was transferred to the Davidson County Criminal Court.

Without a hearing, the habeas corpus court dismissed the petition for relief. The habeas corpus court determined that it did not have jurisdiction to entertain the action under 42 U.S.C. § 1983 because actions under that law are civil in nature. Moreover, the habeas corpus court determined that a transfer order "is not required to be stamp-filed"

---

[1] The date for the denial of permission to appeal appears on Westlaw as January 14, 2013. A review of court records reflects that the order was stamped filed by the clerk of the Tennessee Supreme Court on January 9, 2013.

and, even if it was required to be stamp-filed, it would merely render Petitioner's convictions voidable. Finally, the habeas corpus court concluded that the remainder of Petitioner's arguments, even if taken as true, would merely render his judgments voidable. Petitioner appeals the dismissal of the petition.

*Analysis*

On appeal, Petitioner argues that the trial court "was and is without authority to try and convict my person making sentences void and illegal." From what we can gather, Petitioner bases his argument on the lack of a file stamp on a juvenile court transfer order. The State, on the other hand, argues that Petitioner failed to state a claim upon which relief can be granted and/or failed to comply with the statutory requirements to obtain habeas relief.

A writ of habeas corpus is available "although no application be made therefor" to remedy an illegal imprisonment or restraint on liberty. T.C.A. § 29-21-104. To begin, we agree that the habeas corpus court properly treated the document filed by Petitioner as a petition for writ of habeas corpus. *See Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) ("It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought.").

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). In Tennessee, habeas corpus relief is only available when a conviction is void because the trial court was without jurisdiction or authority to sentence a defendant or when a defendant remains confined despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A habeas petition challenges judgments that are void, not merely voidable. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A petition for habeas corpus relief should name the person causing the illegal restraint, ordinarily the warden, and must identify and provide copies of prior habeas petitions. T.C.A. § 29-21-107(b)(1), (4). A trial court can dismiss a petition for habeas relief for failure to follow these procedures alone. *See, e.g., Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008); *Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499, at *2 (Tenn. Crim. App. Dec. 12, 2014), *no perm. app. filed*.

The State argues that the petition was properly dismissed because it does not meet the procedural requirements for a petition for writ of habeas corpus. However, the State concedes that it is "difficult to ascertain" whether Petitioner actually complied with statutory requirements because of the "scattered nature of the record." A review of the record reveals that the following are included with the petition filed herein: (1) an inmate trust fund balance certification; (2) several printouts showing the trust fund balance for Petitioner; (3) copies of the judgments from Petitioner's 1995 convictions for reckless

endangerment, aggravated robbery, aggravated rape, attempted aggravated robbery, and especially aggravated kidnapping; (4) a copy of the indictment; (5) a copy of a juvenile court transfer order; (6) a search warrant; (7) a copy of several juvenile petitions; (8) a printout listing five case names from Westlaw in which Petitioner appears to be a party; and (9) a copy of this Court's opinion from Petitioner's direct appeal. In our assessment, Petitioner has failed to comply with Tennessee Code Annotated section 29-21-107(b)(4) by failing to include in the petition whether it is "the first application for the writ" or "a copy of the petition and proceedings" from a previous habeas corpus proceeding "or satisfactory reasons . . . for the failure" to do so. For this reason alone, we could affirm the dismissal of the petition. However, the habeas corpus court chose not to focus on Petitioner's adherence to or failure to comply with the procedural requirements for seeking habeas corpus relief but rather Petitioner's inability to prove that his judgments were void.

Petitioner argues that the lack of a file stamped date on a juvenile court transfer order renders his resulting convictions void. In our view, the lack of a file-stamped date on a juvenile court transfer order "[a]t most . . . amounts to a clerical error" and does not render the convictions void on their face. *See State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017) (finding Petitioner not entitled to habeas relief where judgment lacked file stamp), *no perm. app. filed*. Petitioner's arguments, at best, establish that the judgments are voidable. A voidable judgment is one that requires proof beyond the face of the record or judgment to demonstrate that it is voidable. *See Archer*, 851 S.W.2d at 161. Petitioner has done nothing to show that his judgments are void on their face. In other words, Petitioner has failed to establish that he is entitled to habeas relief. The judgment of the habeas corpus court dismissing the petition is affirmed.

_____
TIMOTHY L. EASTER, JUDGE