FILED

01/16/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 15, 2018

## LORENZA ZACKERY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-941      Seth W. Norman, Judge**

_____

### No. M2018-00944-CCA-R3-HC

_____

The Petitioner, Lorenza Zackery, appeals the Davidson County Criminal Court's denial of his petition for writ of habeas corpus. On appeal, the Petitioner argues that his convictions are invalid because the trial court clerk failed to file-stamp his judgments of conviction. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Lorenza Zackery, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL BACKGROUND

On January 24, 2011, the Petitioner pleaded guilty to two counts of rape of a child and received an effective sentence of twenty years. *See Lorenza Zackery v. State*, No. M2013-00718-CCA-R3-PC, 2013 WL 6705995, at *1 (Tenn. Crim. App. Dec. 19, 2013). The Petitioner filed a petition for post-conviction relief and a subsequent petition for writ of error coram nobis. Both petitions were denied, and this court upheld the denials on appeal. *See Lorenza Zackery v. State*, No. M2015-00890-CCA-R3-ECN, 2015 WL 9581557, at *1 (Tenn. Crim. App. Dec. 30, 2015); *Lorenza Zackery*, 2013 WL 6705995, at *1.

On April 4, 2018, the Petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court arguing that he is serving an illegal sentence in violation of Tennessee Code Annotated section 40-35-209(e)(1) because his judgment forms were not file-stamped and thus final judgments were not entered. At the time the Petitioner filed his petition, he was incarcerated at the South Central Correctional Facility located in Wayne County. The habeas court summarily dismissed the petition, finding that the Petitioner did not file his petition in the correct court and that he had not shown that his judgments were void.

## ANALYSIS

The determination of whether habeas corpus relief should be granted is a question of law. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Our review is "de novo with no presumption of correctness given to the findings and conclusions of the lower courts." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). The "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner is entitled to habeas relief "only in the case of a void judgment or to free a prisoner after his term of imprisonment or restraint has expired." *Summers*, 212 S.W.3d at 255. A writ will be issued only when the judgment is void, not merely voidable. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A facially void judgment is a judgment that the trial court did not have the authority to impose. *Davis v. State*, 313 S.W.3d 751, 767 (Tenn. 2010).

The habeas corpus court denied the Petitioner relief because he failed to file the petition in the jurisdiction in which the Petitioner was imprisoned and failed to provide an adequate explanation for filing his petition in Davidson County. Tennessee Code Annotated section 29-21-105 states that an application for a writ of habeas corpus "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The Tennessee Supreme Court has noted that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (1993). On appeal, the Petitioner argues that he did provide an adequate explanation, that being, that the "Criminal Court for Davidson County Division IV can correct an illegal sentence at any time and is in possession of the records pertaining to his sentence." The Petitioner did not give any explanation for filing in Davidson County in his original petition for writ of habeas corpus as required by statute. *Davis v. State*, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008) ("[i]f a habeas petition is filed in a court other than the one nearest the petitioner and does not state any reason why it was not filed in the nearest court, it may be dismissed for failure to comply with this section."). Accordingly, we conclude that the habeas corpus court's summary dismissal on this ground was not in error.

Regardless of the county where the Petitioner filed his petition, he is still not entitled to relief based on the merits of his petition. The habeas corpus court noted that "although there is no file stamp, it is the practice in this County and in this Court for the Clerk to receive and enter the judgment on the day of the judgment." This court has consistently held that the time period for certain filings begins to run on the date that the judgment is stamp filed with the clerk, and therefore judgment forms are required to be file stamped. *See Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002) (concluding that the Petitioner's appeal was timely filed because it "was filed within ten days of the date the trial court's order denying the motion to reopen was filed with the clerk" rather than when it was signed and dated by the trial court.); *State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017); *State v. Martin Boyce*, No. W2012-00887-CCA-R3-CD, 2013 WL 4027244 at *9 (Tenn. Crim. App. Aug. 6, 2013); *State v. Stephens*, 264 S.W.3d 719, 730 (Tenn. Crim. App. 2007).

The Petitioner's argument on appeal is that his sentence is illegal because his judgment forms were not stamped as filed. *See* Tenn. R. Crim. P. 32(e). The State argues that even if the clerk did not follow Tennessee Rule of Criminal Procedure Rule 32(e), failure to do so does not require the setting aside of a judgment. *See Gary Carr*, 2017 WL 2493687, at *2 (concluding that when the judgment form "contains the relevant information concerning the conviction[,] offense, and sentence," then the failure to file-stamp the judgment "does not require a judgment to be set aside."). The purpose of a file-stamped date is "significant for the sole purpose of determining the timeliness of certain filings." *Id.* Here, as in *Gary Carr*, the judgment form contains the required relevant information. The judgment form includes the date of entry as January 24, 2011, describes the nature of the offense, imposes a sentence, and awards pretrial jail credit. Accordingly, we conclude that the Petitioner has not established that his judgments of conviction are void, and therefore, he is not entitled to habeas corpus relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 3 -