IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 10, 2020

## DESHAWN MCCLENTON v. GRADY PERRY, WARDEN

**Appeal from the Criminal Court for Shelby County
Nos. 98-02226, 98-02227   Lee V. Coffee, Judge**

_____

### No. W2020-00336-CCA-R3-HC

_____

The Petitioner, DeShawn McClenton, filed a petition for a writ of habeas corpus in the Shelby County Criminal Court, alleging that the trial court used four judgments of conviction from a prior case that were void on their face to sentence him as a career offender in the present case, which rendered the judgments of conviction in the present case void. The habeas corpus court summarily denied the petition, and the Petitioner appeals the denial. Based upon our review of the record and the parties' briefs, we conclude that the appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Deshawn McClenton, Pro Se, Clifton, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In 1992, the Shelby County Grand Jury indicted the then seventeen-year-old Petitioner for three counts of attempted first degree murder and one count of aggravated robbery. At the time of the crimes, the Petitioner was sixteen years old. In August 1992, the Petitioner pled guilty in criminal court to three counts of attempted second degree murder and one count of aggravated robbery, Class B felonies, and received four, eight-year sentences to be served concurrently.

In February 1998, the Shelby County Grand Jury indicted the Petitioner for especially aggravated kidnapping and aggravated robbery. In February 1999, a jury convicted him as charged. Prior to sentencing, the State filed a notice of enhancement factors, noting that the Petitioner qualified as a Range III, career offender due to his four 1992 Class B felony convictions. At the sentencing hearing, the trial court sentenced the Petitioner as a career offender to sixty years for especially aggravated kidnapping, a Class A felony, and thirty years for aggravated robbery, a Class B felony. The trial court ordered that the Petitioner serve the sentences consecutively for a total effective sentence of ninety years.

On direct appeal of the Petitioner's convictions for especially aggravated kidnapping and aggravated robbery, this court affirmed the judgments of the trial court. See State v. DeShawn McClenton, No. W1999-00879-CCA-R3-CD, 2000 WL 987283, at *1 (Tenn. Crim. App. at Jackson, July 11, 2000). Subsequently, this court also affirmed the post-conviction court's denial of the Petitioner's petition for post-conviction relief. See DeShawn McClenton v. State, No. W2002-02745-CCA-R3-PC, 2003 WL 21878537, at *1 (Tenn. Crim. App. at Jackson, Aug. 6, 2003).

On August 18, 2010, the Petitioner filed a pro se post-conviction petition, seeking relief from his 1992 convictions of attempted murder and aggravated robbery. DeShawn McClenton v. State, No. W2010-02102-CCA-R3-PC, 2011 WL 13162007, at *1 (Tenn. Crim. App. at Jackson, June 16, 2011).[1] One of the issues the Petitioner raised in the petition was that "because he was released on bond for the aggravated robbery charge at the time of the attempted murder offenses, his sentences for the attempted murder convictions should have run consecutive to, rather than concurrent with, the sentence for the aggravated robbery conviction." Id. The post-conviction court dismissed the petition as time-barred, and this court affirmed the judgment of the post-conviction court. Id. at *2.

On December 31, 2019, the Petitioner filed a pro se petition for a writ of habeas corpus, challenging the legality of his effective ninety-year sentence for especially aggravated kidnapping and aggravated robbery. The Petitioner again claimed that he committed the attempted murders while he was on bond for aggravated robbery; therefore,

---

[1] There is confusion as to the Petitioner's 1992 guilty pleas. According to this court's opinion, the Petitioner pled guilty to two counts of attempted first degree premeditated murder, one count of attempted second degree murder, and one count of aggravated robbery. DeShawn McClenton, No. W2010-02102-CCA-R3-PC, 2011 WL 13162007, at *1. However, according to the Petitioner's habeas corpus petition, his appellate brief, and the sentencing hearing transcript for his 1999 convictions, he pled guilty to three counts of attempted second degree murder and one count of aggravated robbery. The 1992 judgments of conviction are in the appellate record but they are not clear as to whether the Petitioner pled guilty to attempted first or second degree murder.

he was required to serve the sentences for the attempted murders consecutively to the sentence for aggravated robbery pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). The Petitioner contended that because his concurrent sentences for the 1992 convictions were illegal, the 1999 sentencing court was without jurisdiction to sentence him as a career offender for especially aggravated robbery and aggravated kidnapping. He also contended that the maximum effective sentence he could have received for the 1999 convictions was thirty-seven years as a Range I, standard offender. The Petitioner attached the 1992 and 1999 indictments and judgments of conviction to his petition.

On January 21, 2020, an order was filed dismissing the habeas corpus petition. According to the order, on June 15, 2016, the Petitioner filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, asserting that he should not have been sentenced as a career offender. The motion was denied on December 15, 2016. The Petitioner filed a second Rule 36.1 motion on October 24, 2016, which the trial court denied on November 9, 2016.[2] The habeas corpus court's order stated that the Petitioner raised the same issue in the habeas corpus petition that he raised in the second Rule 36.1 motion and concluded that "[t]hese issues have been previously and conclusively determined against this defendant." The habeas corpus court further concluded that the Petitioner's judgments of conviction for especially aggravated kidnapping and aggravated robbery were facially valid. Therefore, the habeas corpus court ruled that the Petitioner was not entitled to habeas corpus relief and summarily denied the petition.

## II. Analysis

On appeal, the Petitioner maintains that his effective ninety-year sentence for especially aggravated kidnapping and aggravated robbery is illegal because his career offender status was based on prior sentences that were illegal pursuant to Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). The State argues that the habeas corpus court properly denied the petition. We conclude that the appeal should be dismissed.

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000); see also Tenn. Code Ann. § 29-21-101. The determination of whether to grant habeas corpus relief is a question of law. Summers

---

[2] The Rule 36.1 motions and the orders denying those motions are not in the appellate record.

v. State, 212 S.W.3d 251, 255 (Tenn. 2007).  As such, we will review the trial court's findings de novo without a presumption of correctness.

Initially, we note that the State questions the timeliness of the Petitioner's notice of appeal.  Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]"  The habeas corpus court filed its order denying habeas corpus relief on January 21, 2020.  According to the certificate of service on the Petitioner's notice of appeal, the Petitioner mailed his notice of appeal to this court on February 18, 2020.  However, the clerk did not date-stamp the notice of appeal until February 27, 2020, rendering the notice of appeal untimely.  Although the "mailbox rule" provides that papers filed under the Rules of Criminal Procedure by incarcerated pro se litigants may be considered filed within the prescribed time if delivered to the appropriate prison authority for mailing within the time allowed for filing, the burden is on the pro se litigant to establish delivery to the appropriate individual at the correctional facility within the time set for filing.  See Tenn. R. Crim. P. 49(d).  The Appellant has not met that burden in this case.  That said, a notice of appeal is not jurisdictional, and the requirement for an untimely notice of appeal may be waived in the interests of justice.  Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case."  State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005).

We further note that the Petitioner filed his habeas corpus petition in Shelby County rather than in Wayne County where he was confined.  Tennessee Code Annotated section 29-1-105 provides, "The application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."  This court has held that in the event a petitioner asserts an illegal sentence, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime [may be] a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance."  Davis v. State, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008).  In this case, the Petitioner did not provide a reason for filing his habeas corpus petition in Shelby County rather than Wayne County.  To the contrary, the Petitioner stated in his petition that "the Circuit Court of Wayne County, located at Waynesboro is the proper and lawful court of Jurisdiction."  Therefore, the habeas corpus court could have dismissed the petition on that ground alone,[3] and it is

_____

[3] The habeas corpus court did not address the fact that the Petitioner filed his petition in Shelby County instead of Wayne County.

- 4 -

our view that the interests of justice do not require this court to waive the timely filing of the notice of appeal.  Accordingly, we conclude that the appeal should be dismissed.

### III.  Conclusion

Based upon the record and the parties' briefs, the appeal is dismissed.

_____
NORMA MCGEE OGLE, JUDGE