IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2022

**MICHAEL WHITE v. MARTIN FRINK, WARDEN**

**Appeal from the Circuit Court for Trousdale County
No. 2021-CV-4942  Michael Wayne Collins, Judge**

_____

**No. M2022-00429-CCA-R3-HC**

_____

In 2005, Petitioner, Michael White, was convicted of multiple counts of rape.  He was sentenced to an effective sentence of 55 years.  After several failed attempts, Petitioner again sought habeas corpus relief, which the habeas court denied.  He appeals.  Because Petitioner failed to follow the statutory procedure for filing a petition for habeas corpus relief, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Michael White, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted in Marshall County for multiple counts of rape.  Petitioner was convicted and sentenced to a total effective sentence of 55 years in incarceration.  His convictions and sentences were affirmed on appeal and his attempt to receive post-conviction relief was unsuccessful.  *See State v. Michael White*, No. M2005-01659-CCA-R3-CD, 2006 WL 1931749, at *1 (Tenn. Crim. App. July 13, 2006), *perm. app. denied* (Tenn. Nov. 20, 2006); *Michael White v. State*, No. M2007-02157-CCA-R3-PC, 2008 WL 4170028, at *1 (Tenn. Crim. App. Sept. 8, 2008), *no perm. app. filed*.  Petitioner sought various other forms of relief, each of which was also unsuccessful.  *See, e.g., Michael White v. Bruce Westbrooks, Warden*, No. M2014-02459-CCA-R3-HC, 2015 WL 3866999, at *1

(Tenn. Crim. App. June 23, 2015), *no perm. app. filed*; *Michael White v. State*, No. M2017-02039-CCA-R3-CD, 2018 WL 3532081, at *1 (Tenn. Crim. App. July 23, 2018), *no perm. app. filed*; *Michael White v. Russell Washburn, Warden*, No. M2018-01815-CCA-R3-HC, 2019 WL 2207478, at *1 (Tenn. Crim. App. May 22, 2019), *no perm. app. filed.*

The petition at issue herein, again seeking habeas corpus relief, was filed on November 23, 2021. In the petition, Petitioner alleged that it was the "first application" for relief on these grounds. On January 31, 2022, Petitioner filed a petition for writ of mandamus in which he asserted that the habeas court had not addressed his petition for habeas corpus relief. The trial court summarily dismissed the petitions without a hearing on March 7, 2022, after finding that the court had jurisdiction, that the judgments were not void, and that the sentences had not expired.

On March 16, 2022, the State filed a motion to dismiss on the basis that Petitioner failed to comply with the statute setting forth the procedure for seeking habeas corpus relief. The State also noted that the petition for writ of mandamus was moot because the habeas court had already dismissed the petition. On March 23, 2022, the trial court issued a second order dismissing the petition, this time on the basis that Petitioner failed to attach all of his prior petitions and judgments and failed to state a claim for relief. Petitioner appealed.

*Analysis*

From what we can surmise, Petitioner argues on appeal that he is entitled to habeas corpus relief because his judgments are void for several reasons. The State submits that Petitioner failed to provide copies of his prior habeas petitions and failed to state a cognizable claim for relief, so the habeas court properly dismissed the petition. We agree.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially

- 2 -

valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*.

A petition for habeas corpus relief should name the person causing the illegal restraint, ordinarily the warden, and must identify and provide copies of prior habeas petitions. T.C.A. § 29-21-107(b)(1), (4). A trial court can dismiss a petition for habeas relief for failure to follow these procedures alone. *See, e.g.*, *Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008); *Ricardo Davidson v. Avril Chapman, Warden*, No. M2014-00565-CCA-R3-HC, 2014 WL 7011499, at *2 (Tenn. Crim. App. Dec. 12, 2014), *no perm. app. filed*.

Despite referring to the petition at issue herein as the "first application" for habeas relief, it is clear that Petitioner has filed two prior habeas petitions challenging the judgments for his rape convictions. Petitioner failed to attach copies of his prior petitions herein and the habeas corpus court summarily dismissed the petition on this ground. We affirm the dismissal of the petition.

*Conclusion*

For the foregoing reasons, the judgment of the habeas court is affirmed.

_____
TIMOYHY L. EASTER, JUDGE