FILED

02/01/2022

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

**CORTNEY R. LOGAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-C-2822   Jennifer Smith, Judge**

_____

**No. M2021-00071-CCA-R3-HC**

_____

The Petitioner, Cortney R. Logan, appeals from the Davidson County Criminal Court's summary dismissal of his petition for the writ of habeas corpus. The Petitioner is serving an effective thirty-one-year sentence for convictions for attempted first degree murder and employing a firearm during the commission of a dangerous felony. On appeal, he contends that the habeas corpus court erred in denying his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Cortney R. Logan, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Glenn R. Funk, District Attorney General; Doug Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to his involvement in Joseph Leon Jackson, Jr.'s escape from custody in Mississippi and flight to Tennessee. *State v. Cortney R. Logan*, No. M2014-01687-CCA-R3-CD, 2015 WL 5883187, at *1 (Tenn. Crim. App. Oct. 8, 2015) (*Logan I*), *perm. app. denied* (Tenn. Feb. 18, 2016). The Petitioner was convicted by a jury for the crimes he committed in Davidson County, Tennessee, related to Mr. Jackson's escape and flight. *Id.* Following the Tennessee convictions, he was extradited to Mississippi for charges there related to his participation in Mr. Jackson's escape and flight. *Id.*; *see Logan v. State*, 192 So.3d 1012 (Miss. Ct. App. 2015) (affirming convictions of five counts of kidnapping, one count of aiding escape, and one count of being a felon in

possession of a firearm, and affirming the trial court's imposition of seven life sentences without the possibility of parole), *discretionary review denied*, 202 So.3d 1267 (Miss. 2016).

In the ensuing years, the Petitioner has repeatedly challenged the validity of his extradition from Tennessee to Mississippi following his Davidson County convictions. *See Courtney R. Logan v. Bill Haslam*, No. 3:18-cv-00256, 2019 WL 4142160 (M.D. Tenn. Aug. 30, 2019); *Courtney R. Logan v. Tennessee*, No. 3:13-cv-00743, 2014 WL 2197026, at *1 n.3 (M.D. Tenn. May 27, 2014); *Logan v. State*, 300 So.3d 1040 (Miss. 2020); *Cortney R. Logan v. State*, No. W2019-01215-CCA-R3-CD, 2020 WL 2510539 (Tenn. Crim. App. May 15, 2020) (*Logan IV*) (mem.) (summarily affirming the third denial of a petition for a writ of habeas corpus premised upon the Petitioner's allegedly unlawful extradition from Tennessee to Mississippi); *Cortney R. Logan v. State*, No. M2018-01786-CCA-R3-PC, 2020 WL 918607 (Tenn. Crim. App. Feb. 26, 2020), *perm. app. denied* (Tenn. July 20, 2020); *Courtney R. Logan v. Shawn Phillips, Warden*, No. 2016-01535-CCA-R3-HC, 2017 WL 2304305 (Tenn. Crim. App. May 26, 2017) (*Logan III*) (denying habeas corpus relief on the basis that the Petitioner's claim was moot because it was not filed before the extradition occurred), *perm. app. denied* (Tenn. Aug. 16, 2017); *Courtney R. Logan v. State*, No. M2015-00725-CCA-R3-HC, 2016 WL 716818, at *1 (Tenn. Crim. App. Feb. 23, 2016) (*Logan II*) (affirming the habeas corpus court's summary dismissal based upon that court's findings "that the extradition documents were valid, that the petitioner was charged with offenses in Mississippi, and that the petitioner was the individual wanted in Mississippi and therefore was a fugitive from justice" and concluding that the appeal was moot because the Petitioner was no longer in Tennessee custody).

Undeterred, the Petitioner again challenged the validity of his extradition from Tennessee to Mississippi in the present habeas corpus petition. At the time the Petitioner filed the present petition in Davidson County, Tennessee, he was incarcerated in Lake County, Tennessee. He also alleged that Tennessee officials had "expired" the sentence because various actions showed they had "implicitly pardoned or commuted, waived jurisdiction over, or abandoned interest in the 31 year sentence imposed on the petitioner." Therefore, the Petitioner concluded, his sentence was void. Third, the Petitioner alleged that he was being unlawfully restrained because the Tennessee Department of Correction had placed a detainer against him at the request of Mississippi officials. The petition inaccurately alleged that it was the Petitioner's first request for habeas corpus relief.

The State filed a motion to dismiss the petition on the basis that it "rais[ed] a moot, non-cognizable claim which has been previously determined against him in three prior petitions for the writ." *See* T.C.A. § 29-21-107(b)(4) (2012) (requiring that a petition must state "[t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do"). The State noted that the petition had not been filed in

the county in which the Petitioner was incarcerated. *See id.* § 29-21-105 (2012) ("The application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."). The State noted, as well, that a challenge to a request for extradition must be raised before the extradition or will be considered moot. *See Logan III*, 2017 WL 2304305, at *1. Additionally, the State observed that the petition was procedurally deficient because it had not included "a copy of the petition and proceedings" from the prior habeas corpus actions, as required by Code section 29-21-107(b)(4), and had not been verified pursuant to affidavit, as required by Code section 29-21-107(a).

The Petitioner responded to the State's motion to dismiss with multiple lengthy pleadings. In pertinent part, the Petitioner acknowledged that Lake County was the "most convenient in point of distance" but that he had filed the petition in Davidson County because the records relevant to his conviction were located in Davidson County, where his conviction occurred. Otherwise, the Petitioner's pleadings reargued the purported merits of his previous allegations.

The habeas corpus court considered the matter without a hearing and entered a written order which denied relief. The court found that the petition was the Petitioner's fourth attempt to obtain habeas corpus relief on the extradition claim and that the issue had been previously determined to lack merit. The court also determined that the Petitioner's claim that the State's actions had amounted to a waiver, abandonment, or commutation of his sentence was without merit based upon the plain language of the Uniform Criminal Extradition Act. *See* T.C.A. § 40-9-130(a) (2018) (providing that nothing in the Act constitutes a waiver by Tennessee of the right to regain custody of a person for trial, sentence, or punishment for a crime committed in Tennessee). The court concluded that the Petitioner's claim regarding the Mississippi detainer was not cognizable in a habeas corpus action because the existence of a detainer did not render his sentence void or expired. *See, e.g.*, *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[H]abeas corpus relief is available to a defendant only when the judgment is void on its face or the prisoner's sentence has expired."). Finally, the court noted the procedural deficiencies due to (1) the Petitioner's false statement that the petition was the first request for habeas corpus relief, (2) the failure to attach copies of the previous petitions and proceedings or to provide a reason why they were not attached, and (3) the failure to file the petition in the county of incarceration without a sufficient explanation as to why the petition had been filed elsewhere. *See* T.C.A. §§ 29-21-105, -107(a), (b)(4). This appeal followed.

The Petitioner contends that the habeas corpus court erred in denying relief. The State counters that relief was properly denied based upon multiple procedural deficiencies. We conclude that the court did not err in denying relief.

-3-

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

As the habeas corpus court noted, the Petitioner failed to comply with procedural requirements. He failed to file in the appropriate venue. *See Vance McCaslin v. State*, No. M2009-00898-CCA-R3-HC, 2010 WL 1633391, at *3 (Tenn. Crim. App. Apr. 7, 2010) ("The fact that a Giles County court entered the Petitioner's sentence is an insufficient reason for the Petitioner to file his petition in Giles County rather than Hickman County[, the county of incarceration].") *But cf. Davis v. State*, 261 S.W.3d 16 (Tenn. Crim. App. 2008) (holding that a habeas corpus petitioner who seeks relief from an illegal sentence states a sufficient reason for filing the petition in the county of conviction, rather than the county closest in distance, on the basis that the county of conviction "possesses the relevant records and retains the authority to correct an illegal sentence"). The petition falsely stated that it was the Petitioner's first request for the writ of habeas corpus. *See* T.C.A. § 29-21-107(b)(4). Thus, no copies of the prior petitions and proceedings were attached, and no satisfactory reason for failure to comply with this requirement was stated. *See id.*; *cf. Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007) (providing that a habeas corpus court may summarily dismiss a petition for failure to attach the relevant documents from the underlying proceedings).

Notwithstanding its findings regarding the procedural deficiencies, the habeas corpus court nevertheless addressed the claims raised in the petition. As the court aptly noted, the Petitioner had previously sought, and had been denied, habeas corpus relief

-4-

based upon his claim that his extradition was unlawful. This claim has been previously determined, and the Petitioner is not entitled to litigate it again due to his dissatisfaction with the previous outcome. *See Joseph B. Thompson v. Tony Parker, Warden*, No. W2008-02399-CCA-R3-HC, 2009 WL 4723404, at *4 (Tenn. Crim. App. Dec. 9, 2009) (holding that a habeas corpus petitioner was barred by the "law of the case doctrine" from relitigating an issue previously determined in his prior habeas corpus case). Our review of this court's opinions in the Petitioner's previous habeas corpus appeals supports the habeas corpus court's conclusion that the issue had been previously determined.

With regard to the Petitioner's claim that the State had "expired his sentence," the habeas corpus court concluded that the claim was without merit based upon the plain language of the Uniform Criminal Extradition Act. The record supports the court's determination in this regard. *See* T.C.A. § 40-9-130(a).

Regarding the Petitioner's complaint that Tennessee authorities had recognized a Mississippi detainer against him, the habeas corpus court concluded that this claim was not cognizable in a habeas corpus action because the existence of a detainer did not render his sentence void or expired. The court did not err in concluding that the claim was not cognizable in a habeas corpus action. *See Hart*, 21 S.W.3d at 903 (Tenn. 2000).

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE