IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2025

## DAVID SANDS v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Rutherford County**
**No. 71235B    James A. Turner, Judge**

_____

### No. M2024-01772-CCA-R3-HC

_____

The Petitioner, David Sands, appeals the habeas corpus court's summary dismissal of his second petition for writ of habeas corpus for failure to state a cognizable claim for relief. Specifically, the Petitioner alleges that his sentence has expired due to "missing" pretrial jail credit and improper calculation of behavioral and work credits. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

David Sands, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Jennings H. Jones, District Attorney General for the appellee, State of Tennessee.

### OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

On September 22, 2014, the Petitioner pled guilty in the Rutherford County Circuit Court to possession of over one-half gram of a Schedule II controlled substance with the intent to sell or deliver. *See* Tenn. Code Ann. § 39-17-417(c). He was sentenced to serve ten years in the Tennessee Department of Correction ("TDOC") and was placed on community corrections. His judgment form listed pretrial jail credit from "4/6/14 to 4/23/14" and reflected that this sentence was consecutive to "all other sentences/convictions[.]" The Petitioner subsequently violated his community corrections supervision and, following an agreed upon revocation on July 13, 2023, was ordered to serve his original ten-year sentence in TDOC. The violation order reflected that the

Petitioner would receive jail credit from: "4/16/14-4/23/14; 12 mths; 4/9/18-10/6/21; 4/30/22-7/13/23[.]"

On July 25, 2024, the Petitioner filed his first petition for writ of habeas corpus in the Rutherford County Circuit Court. He alleged that his sentence was illegally extended because TDOC had failed to properly calculate his behavioral, work, and pretrial jail credits and had rather applied these credits to the end of his ten-year sentence, resulting in an effective fourteen-year sentence. He contended that, upon proper calculation, his sentence has now expired. In support of his petition, he attached his judgment form, subsequent revocation order, and a printout from the Tennessee Offender Management Information System (TOMIS), showing that his ten-year sentence would expire in 2028.

On August 6, 2024, the habeas corpus court summarily dismissed the petition. It reasoned that it lacked jurisdiction because the Petitioner had failed to give a sufficient reason for filing his petition in Rutherford County as opposed to the court most convenient in point of distance to where the Petitioner was incarcerated. *See* Tenn. Code Ann. § 29-21-105. Additionally, the habeas corpus court stated that the Petitioner had failed to establish that his judgment was void and that the proper avenue by which to address sentence reduction credits was through the Uniform Administrative Procedures Act ("UAPA"). *See* Tenn. Code Ann. §§ 4-5-101 to -502.

On September 10, 2024, the Petitioner filed his second petition for writ of habeas corpus asserting the same allegations. Regarding his filing in the original court of conviction, rather than in the county of his incarceration, the Petitioner stated that he had made "significant efforts" while incarcerated to obtain the relevant documentation supporting his allegations, but those efforts had been "thwarted." Therefore, he claimed that he should be allowed to file for habeas corpus relief in the original conviction court because it had access to the relevant documentation proving he was missing pretrial jail credit and behavioral and work credits. On October 29, 2024, the habeas corpus court entered an order summarily dismissing the Petitioner's second petition for the reasons set forth in its first order.

On November 13, 2024, the Petitioner filed a petition to reconsider claiming the habeas corpus court erroneously denied his petition. The habeas corpus court filed an order denying the petition to reconsider the same day. This timely appeal followed.

## II.    ANALYSIS

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition without the appointment of counsel and an evidentiary hearing because he had

presented a cognizable claim, and the habeas corpus court should have granted relief regarding TDOC's erroneous application of his pretrial, behavioral, and work credits, which had illegally extended his now expired sentence. The State responds that the habeas corpus court's summary dismissal of the petition was proper because the Petitioner failed to establish that his judgment was void or that his sentence had expired.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that the petitioner's sentence has expired, and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

"A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

Here, as to the Petitioner's contention regarding the deprivation of pretrial jail credit, we note he cites to caselaw addressing a trial court's failure to award pretrial jail credit. Our supreme court has stated that a trial court's failure to award pretrial jail credit does not render a sentence illegal. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (Order) (citing *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015)). Thus, such a claim "is not cognizable in the context of a petition for habeas corpus relief." *Id.* However, we note that the Petitioner's pretrial jail

credit is reflected on his judgment form and community corrections revocation order. As we surmise it, the crux of his argument appears to be that his awarded pretrial jail credit, along with his behavioral and work credits, have been erroneously added to his sentence by TDOC.

Regarding behavioral and work credits, Tennessee Code Annotated section 41-21-236 provides that "[n]o inmate shall have the right to any such time credits," and that such credits "shall not be earned or credited automatically, but rather shall be awarded on a monthly basis to an inmate at the discretion of the responsible warden in accordance with the criteria established by the department." *Id.* § -236(a)(2)(D), (3)(A). Because there is no statutory right to such credits and because the grant or denial of such credits lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated, the misapplication or miscalculation of these credits does not render a judgment void and is not a cognizable habeas corpus claim. *Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d at 213.

Accordingly, once a prisoner is in the custody of TDOC, the proper avenue by which to address sentence reduction credits is through the UAPA. *See* Tenn. Code Ann. §§ 4-5-101 to -502; *Vaughn v. State*, No. 01C01-9308-CR-00258, 1994 WL 53845, at *1 (Tenn. Crim. App. Feb. 24, 1994); *cf. State v. Thompson*, No. M2021-00420-CCA-R3-CD, 2022 WL 1963625, at *3 (Tenn. Crim. App. June 6, 2022) (holding that the UAPA is the proper avenue to address the miscalculation of a sentence by TDOC involving pretrial jail credit, "behavior and program credits," and "street time" credit). As the Petitioner has failed to state a cognizable claim for habeas corpus relief, we conclude that the habeas corpus court did not err by summarily dismissing his petition.

The Petitioner also asserts that he provided "a sufficient reason" to apply for habeas corpus relief in the Rutherford County Circuit Court rather than the court most convenient in point of distance. *See* Tennessee Code Annotated § 29-21-105. We note that this court has previously held that when a habeas corpus petitioner asserts that his sentence is illegal, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at any time is a sufficient reason under [Code section 29-21-105] for the petitioner to file in the convicting court rather than the court closest in point of distance." *Davis v. State*, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008) (citing *State v. Jones*, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012, at *2 (Tenn. Crim. App. Oct. 13, 2000). However, as the Petitioner has failed to state a cognizable habeas corpus claim, no sufficient reason for applying in the Rutherford County Circuit Court was established.

### III. CONCLUSION

Based on our review, we affirm the judgment of the habeas corpus court.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE